CASE 67.—ACTION BY THE CITY OF LOUISVILLE AGAINST
WILLIAM SPECHT.—November 30, 1909.

## Specht v. City of Louisville

Appeal from Jefferson Circuit Court. (Chancery
Branch 1 Div.).

SHACKELFORD MILLER, Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1  Taxation—Enforcement—Uniformity.—Ky. St. 1909, Sec. 2998,
providing that uncollected tax bills shall be deemed a debt
and may be enforced as such, except those against persons
under disability, by the remedies given for the recovery
of debt, and that all unpaid tax bills shall draw a specified
rate of interest, etc., exempts infants. married women, and
lunatics from the method of procedure prescribed for the col-
lection of unpaid tax bills, but makes all tax bills liable to the
specified rate of interest, and is not invalid as making any dif-
ference in the levy of taxes, and the fact that it authorizes a
personal judgment against an adult under no disability does
not render the act unconstitutional.

2  Taxation—Delinquent Taxes—Penalty—Validity—Usury.—Ky.
St. 1909, Sec. 2998, providing that unpaid tax bills shall for the
first year bear interest at the rate of one-half of 1 per cent.
for every month or fraction thereof, and thereafter, of 1 per
cent for every month or fraction thereof until paid, imposes a
penalty on delinquent taxpayers, and it is not invalid as seek-
ing to enforce the collection of a rate of interest in excess of
6 per cent. established as the legal rate, by section 2218 (sec-
tion 1814), and is not in violation of section 2219 (section
1815), providing that contracts and assurances made for the
loan or forbearance of money at a greater rate than the legal
rate of interest shall be void as to the excess of the legal
rate, since a tax is neither a contract nor a loan, nor a for-
bearance of money, though it is treated as a debt for the
purpose of defining its mode of collection.

3.  Municipal Corporations—Classification—Validity.—The laws providing for the organization and powers of the various classes into which cities may be divided under the Constitution, requiring the Legislature to assign the various cities to the classes in which they belong, are general laws, where they are made applicable alike to all cities falling within the designated class, and the laws governing cities of the first class are general laws, though they are applicable in fact to only one city.

HARRISON & HARRISON for appellant.

### PROPOSITIONS SUBMITTED.

1.  Section 4 of Chapter 57 of the Acts of 1906, giving cities of the first class the right to exact interest at the rate of twelve per cent. per annum on all tax bills after the expiration of one year from the time the same are due is unconstitutional and usurious.

(a)  It is unconstitutional in that it affects only adult persons and does not apply to the property of infants, married women or those of unsound mind.

(b)  It is usurious because the twelve per cent. is no part of the obligation to pay the tax, nor it is a penalty, but it is given or allowed "for forbearance" only. Chap. 57, Sec. 4, Acts of 1906; Sec. 2218 Ky. Stats.; McCann's Executor v. Bell, 79 Ky., p. 112; Sec. 3005, Ky. Statutes.

JOSEPH S. LAWTON for appellee.

CLAYTON B. BLAKEY of counsel.

### PROPOSITIONS AND AUTHORITIES.

1.  The provision excepting persons under the disability of infancy, coverture, and unsound mind applies to the remedy and not to the amount of interest to be charged on the taxes. This provision was a part of the original statute, the validity of which has often been recognized by this court. Walston v. City of Louisville, 66 S. W., 385, 23 Ky. Law Rep., 1852; Woolley v. City of Louisville, 114 Ky., 556, 71 S. W., 893.

2.  "The giving of interest on unpaid taxes is no more than a penalty for their non-payment." "What penalties may be imposed upon delinquents in the several classes of cities is a matter of legislative discretion." Walston v. City of Louisville, 66 S. W., 385, 23 Ky. Law Rep., 1852; Woolley v. City of Louisville, 114 Ky., 556, 71 S. W., 893; Droege v. McInerey, 87 S. W., 1085. 27 Ky. Law Rep., 1137.

3. The Act of 1906, being section 212 of an act for the government of cities of the first class, is not local or special legislation in violation of Section 59, Sub-section 21 of the Constitution, prohibiting local or special acts regulating the rate of interest. Walston and Woolley cases, supra.

4. The penalty imposed upon delinquent taxes in cities of the first class by the act in question is less than the penalties imposed by the acts governing the same subject in other classes of municipalities. A penalty of one per cent. per month, to be attached one year after the taxes are due and payable, is just and reasonable. Cooley on Taxation, 2nd Ed., page 457; 3rd Ed., Vol. 2, page 901; Lacy v. Davis, 4 Mich., 140; Nance v. Hopkins, 10 Lea., 508; Myers v. Parks, 8 Heisk, 500; Scott v. Watkins. 22 Ark., 556; Potts v. Cooley, 56 Wis., 45; Evermann v. Blakesley, 9 Mo., App. 231; Sections of Ky. Statutes (Carroll Ed., 1909), 3184, 3400, 3392, 3644, 3677, 4156, 4174, 4091; Owensboro Water Works v. City of Owensboro, 74 S. W., 685, 24 Ky. Law Rep., 2530. Response to petition for rehearing, 75 S. W., 261, 25 Ky. Law Rep., 434.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This litigation calls in question the constitutionality of section 2998, Ky. St. 1909. Its validity is assailed upon two grounds: First, that it affects only adult persons and does not apply to the property of infants, persons under the disability of coverture, or insane persons; and, second, because the rate of interest charged on tax bills is usurious and in violation of sections 2218 and 2219, Kentucky Statutes. Section 2998 of the statutes, which is as follows: "All tax bills, uncollected in whole or in part, and which remain in the hands of the tax receiver on the first day of May succeeding the date on which they were listed with him for collection against any person owning property in his own right, shall be deemed a debt from such person to said city arising as by contract and may be enforced as such (except those

against the persons under the disability of infancy, coverture or unsound mind) by all remedies given for the recovery of debt in any court of this commonwealth otherwise competent for that purpose; and those bills assessed against an administrator, executor or trustee shall be a charge against the whole succession of trust estates and may be in either case enforced accordingly, this being in addition to the other remedies hereinafter given.   All tax bills remaining unpaid on the first day of May, succeeding the date on which they were listed with the tax receiver for collection shall bear interest at the rate of one-half of one per cent. for every month, or fraction of a month, from date until the first day of the next succeeding May, and thereafter shall bear interest at the rate of one per cent. for every month, or fraction of a month, until paid''—was, prior to its adoption·in 1906, section 2998 of the Kentucky Statutes of 1903, and from a comparison of the two acts it will be observed that, so far as the first objection raised by appellant is concerned, the acts are identical, in that in each act there is an express provision that the tax owing by the property owner shall be deemed a debt from such person to the city, arising as by contract, and may be enforced as such by all remedies given for the recovery of debt in any court of the commonwealth otherwise competent for that purpose.

There is an express provision in each act exempting from this method of procedure infants, married women, and lunatics.   This exemption, however, is in their favor merely as to the method of procedure; whereas, the tax and interest charged for delay in its payment are the same against all property, whether owned by adults or infants, women, married or single, and per-

sons sane or insane. The statute makes no difference whatever in levy of taxes or the rate of interest that shall be charged. The only difference is that a personal judgment may be taken against an adult under no disability; whereas, infants and persons under disability can, under the express provisions and terms of the act, have no personal judgment rendered against them, and the remedy must be a proceeding against the property itself. There is no provision that the property of an infant, or a married woman, or insane person should not be held liable to the payment of the same taxes and rate of interest as that of an adult.

In the cases of Walston v. City of Louisville, 66 S W. 385, 23 Ky. Law Rep. 1852, and Woolley v. City of Louisville, 114 Ky. 556, 7 S. W. 893, 24 Ky. Law Rep. 1357, this court passed upon the constitutionality of this act prior to its amendments in 1906, and held it to be constitutional, and, so far as the first objection raised by appellant is concerned, the acts are identical. No complaint can justly be made because the Legislature saw fit to define a different mode of procedure in enforcing the payment of tax claims against the property of infants and persons under disability from that which should be applied in enforcing similar claims against adults under no disability, so long as the tax sought to be collected against each is the same; and the act in question is undoubtedly so drawn as to apply equally to all property, for, in its concluding sentence, we find the following: "All tax bills remaining unpaid on the first day of May, succeeding the date on which they were listed with the tax receiver for collection shall bear interest at the rate of one- half of one per cent: for every month, or fraction

of a month, from date until the first day of the next succeeding May, and thereafter shall bear interest at the rate of one per cent. for every month, or fraction of a month, until paid.'' This is the only portion of said act which fixes the rate of interest that shall be paid, and it will be observed that it applies alike to all property without exception. We therefore conclude that the objection raised by appellant to the validity of this act, on the ground that it is not uniform in its application, is not well taken.

Appellant's next contention is that as the act raises the tax claims which the city holds against the property owners to the dignity of a debt, and then seeks to enforce the collection of a rate of interest thereon in excess of 6 per cent., which by section 2218 of the statutes is established as the legal rate, it is in direct violation of section 2219, which provides that all contracts and assurances made for the loan or forbearance of money or other thing of value at a greater rate than the legal rate of interest, as provided for by section 2218, shall be void as to the excess of the legal rate. The trouble with this argument is that a tax is neither a contract nor a loan nor a forebearance of money in the sense in which these terms are used in the statute referred to. It remains a tax, and it is treated as a debt merely for the purpose of defining its mode of collection. The interest charge is upon taxes remaining unpaid at a designated date and is in the nature of a penalty for their nonpayment, and it has frequently been held that it is a matter of legislative discretion as to what penalty shall be imposed by the Legislature for the nonpayment of taxes, and this legislative will has never been disturbed or interferred with so long as the penalty has not been

fixed at a figure that could be considered unreasonable, unjust, or confiscatory.

In the two cases above referred to, of Walston v. City of Louisville, and Woolley v. City of Louisville, it was expressly held that the collection of an interest charge upon overdue taxes was in the nature of a penalty. It is true that the act in force when passed upon in those cases did not authorize the imposition and collection of 12 per cent. interest, but it did authorize the imposition and collection of interest at the rate of one-half of 1 per cent. for each month, or fractional part thereof, that the tax remained unpaid, which was a higher rate than authorized by section 2218, and the principle contended for by appellant in this case would therefore apply with equal force in those cases. The court having upheld the validity of the act, even though it authorized an interest charge in excess of 6 per cent., settled the principle for which the city here contends, to wit, that the imposition of an interest charge on overdue taxes is in the nature of a penalty, imposed upon the delinquent taxpayer because of his delinquency, and, being a penalty, the amount thereof is clearly a matter of legislative discretion. Nor does the fact that the act authorizes the imposition and collection of 12 per cent. interest on taxes remaining unpaid at a certain day in cities of the first class justify the charge that the act is special legislation, for the Constitution, by express provision, requires that the General Assembly shall assign the various cities and towns in the state to the classes in which they properly belong. For governmental purposes, the organization and powers of the various classes into which the cities are divided are defined by general laws, and, so long as these laws are made applicable alike to all cities falling within the design-

ated class, they have uniformly been held to be general in their application. Louisville is a city of the first class, and is the only city in that class in this commonwealth. Hence, while all laws governing cities of the first class must necessarily be applicable to the city of Louisville alone, they are nevertheless general laws, and this court has so recognized and held in the case of Walston v. City of Louisville, supra.

In framing these general laws for the regulation and government of the various classes into which the cities and towns of the state are divided, the members of the General Assembly realized that it was necessary to impose upon the taxpayer a burden in excess of the legal rate of interest, in order to enforce the speedy payment by the taxpayer of the taxes, for it can readily be seen that, if only the legal rate of interest were imposed upon the taxpayer for the nonpayment of his taxes when due, it would merely have the effect of making the city a lender of money to the various taxpayers until such time as suited their convenience to pay, and the city would be without means to carry on the various departments of its government. Hence there is incorporated in the charters of the cities of the various classes a provision whereby the taxpayer is called upon to pay an interest charge in the nature of a penalty upon all taxes that remain due and unpaid after a given period. This interest charge varies. In cities of some classes it is more, while in others it is less, than in cities of the first class; but, being uniform in each class, it meets the requirements of the Constitution calling for uniformity.

The only appreciable difference between the act here complained of and the act which it amended and

superseded is that in the act under consideration the rate of interest for the second year's delinquency is increased from one-half of 1 per cent. for each month, or fractional part thereof, that the tax remains unpaid, to 1 per cent. This change was found to be absolutely necessary in order to enable the city to collect its revenue. So long as the penalty for failure to pay amounted to but little more than the rate at which money could be borrowed, the taxpayer did not pay his taxes, and the city was without means necessary to enable it to run its government. It became apparent that a more severe penalty would have to be imposed in order to speedily collect the taxes, and hence the increase in the rate of the interest charge; but this increase in rate called into play the application of no new principle, for the old rate was in excess of the legal rate, and the only complaint is that this present rate is usurious, not that it is inequitable, unjust, or confiscatory, and, this being true, the chancellor correctly held that the answer filed presented no defense.

Judgment affirmed.