## Madison County v. Hamilton.

(Decided February 5, 1932.)

G. MURRAY SMITH and JAMES S. LACKEY for appellant.

BURNAM & GREENLEAF for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Affirming.

This case was submitted to the court below on a stipulation which recited that the appellee was the sheriff of Madison county, appellant herein, for a period of four years beginning the first Monday in January, 1926, and ending the first Monday in January, 1930, that upon

the expiration of his term as sheriff on the first Monday in January, 1930, he, pursuant to the provisions of chapter 129, p. 440 of the Acts of 1928, part of which now appear as part of section 4135 of the Kentucky Statutes 1930 Edition, kept in his possession all unpaid tax bills until the 1st day of May, 1930, and from such bills collected state, county, road, and school taxes; that in addition to the collection of these taxes he advertised during this period under the provisions of section 4149 of the Kentucky Statutes and in the manner therein directed the sale of property belonging to 421 delinquent taxpayers and collected from each of said taxpayers after such advertisement a sum in excess of $1 each; that during the year 1929, the appellee, after all necessary and proper allowances for deputies and other legitimate deductions had been made, received as his own compensation the full constitutional limit of $5,000. On this stipulation, the appellant insisted that the appellee was not entitled to any compensation for the services he rendered in collecting the delinquent taxes in 1930 because, as it contended, he had no right to make such collections, but, if he did, having received $5,000 for the year 1929, he could not receive any for collecting the delinquent taxes in 1930, since such service should be treated as a continuation and part of his services for the year 1929. Appellee took just the opposite position. The parties also were not in accord as to what remuneration for collecting the delinquent taxes appellee should receive if it should be decided that he was entitled to any remuneration. The court below on this stipulation of facts and contentions of the parties found that the appellee had a right to collect the delinquent taxes he did in the year 1930 and was entitled to a *reasonable* compensation for such service, which compensation he fixed at 10 per cent. upon the amount of the state taxes, which the appellee had collected, such amount being less than $5,000, a like commission on the county taxes collected, they being less in amount than $5,000; and 1 per cent. on the road and school taxes collected, and that he was entitled to $421 for having advertised the sale of the property of the 421 delinquent taxpayers. The aggregate amount thus allowed came to $1,296.54, and from this judgment appellant has prosecuted this appeal.

The right of the appellee to collect the delinquent taxes he did in 1930 is based upon the 1928 amendment

to section 4135 of the Statutes, which, after such amendment and as it now stands, reads:

"The outgoing sheriff, as soon as his successor has been qualified and his bond approved, shall immediately vacate his office, deliver to his successor all books, papers, records and other property held by virtue of his office and shall make a full and complete settlement of his accounts as sheriff. *Except that the outgoing sheriff shall keep in his possession all unpaid tax bills and shall collect and account for same as provided by law, and shall have until the first day of May after his term of office has expired to make his settlement with the auditor of public accounts and the fiscal court of his county and to receive his quietus, and immediately thereafter he shall deliver these records to his successor.* On the failure of any outgoing sheriff for ten days to comply with the provisions of this section, he shall be deemed guilty of a misdemeanor and, on conviction, be fined in a sum not less than fifty dollars ($50.00) nor more than five hundred dollars ($500.00) and be liable on his bond for any default."

That part of this section now pertinent which was inserted by the amendment of 1928 appears in italics. The first contention of the appellant is that this amendment is unconstitutional because it is in violation of section 161 of the Constitution, in that it undertakes to extend the term of office of the sheriff beyond the four years for which he had been elected in 1926, contrary to the provisions of section 161 of the Constitution, which, so far as pertinent, reads:

"Nor shall the term of any such [city, county, town or municipal] officer be extended beyond the period for which he may have been elected or appointed."

The appellee contends that his term of office as sheriff was not extended by this act of 1928, but that he was simply designated by that act as delinquent tax collector of the delinquent tax bills of 1929 during the period between January and May of 1930. The pertinent constitutional provisions here involved are section 99, which declares the sheriff to be ineligible for re-election or to act as deputy for the succeeding term;

section 106, which provides that the fees of county officers shall be regulated by law; section 171, which provides that "all taxes shall be levied and collected by general laws;" and section 161, to which we have already referred. It will be noted that nothing in these sections of the Constitution gives the sheriff as such the right to collect taxes and the right to designate who shall collect the taxes rests solely with the Legislature. Commonwealth v. Wade's Admr, 126 Ky. 791, 104 S. W. 965, 31 Ky. Law Rep. 1185; Shipp v. Bradley, 210 Ky. 51, 275 S. W. 1. Section 4129 of the Statutes in substance provides that the sheriff by virtue of his office shall be collector of all taxes unless the payment thereof is by law expressly directed to be made to some other officer. Section 1729 of the Statutes provides the compensation to sheriffs for collecting the county taxes, section 4168 for the compensation to be paid sheriffs or collectors of taxes for the collection of state taxes, section 4307b-4 for the compensation for collecting the road taxes, and section 4399a-8 for collecting the school taxes. It will be observed that the amendment to section 4135 of the Statutes does not literally purport to extend the term of office of the sheriff, nor do we think it does so in spirit.

It provides that the sheriff, when his term of office is up, shall vacate his office and deliver it and its records to his successor and shall settle his accounts as sheriff, but that he shall retain in his possession the delinquent tax bills and collect them as far as he can up until May following, when he shall make another settlement. As we have seen, sheriffs are not necessarily the collectors of delinquent or any taxes by virtue of their office. The legislature may in its wisdom designate who shall be the collector of state and county taxes, whether the same be delinquent or not. We think that by this act of 1928 the Legislature intended to create the office of delinquent tax collector and simply designated the outgoing sheriffs as the class which should fill that office as it had a right to do. In the case of Coleman v. Hurst, 226 Ky. 501, 11 S. W. (2d) 133, we upheld the right of the Legislature to create the Judicial Council and to provide that the circuit judges and judges of the Court of Appeals should compose that body. And so here the Legislature did not extend the term of the sheriff, but created a new office, that of delinquent tax collector, and designated the class to fill such office. The simple effect of this act of 1928 was to repeal so much of section 4129 of the Statutes

as provided that the incoming sheriff should be the collector of all taxes unless the payment thereof should by law be expressly directed to be made to some other officer. The right to so designate another officer was exercised by this amendment of 1928 to section 4135 of the Statutes. What we have said being true, it follows that what compensation appellee earned as sheriff has no bearing on his right to compensation as delinquent tax collector. The services he rendered as delinquent tax collector were no part of his duties as sheriff and were not performed or directed to be performed within the term of his office as sheriff. They were rendered in an entirely new and different capacity and for them he was entitled to compensation. But such compensation is that fixed by the statute for the collection of taxes since, in the absence of statutory authority for the payment of compensation for the collection of taxes, there would be no liability for such payment. The judgment of the lower court recites that the compensation to which appellee is entitled for collecting these delinquent taxes is a "reasonable compensation." It so happens, however, that the court in adjudging what was reasonable compensation fixed it at the statutory rate which sheriffs and collectors of taxes are entitled to charge. Thus the court arrived at the correct result though giving a wrong basis for it.

The contention that, if the act of 1928 (chapter 129) be construed as creating the office of delinquent tax collector, it is invalid because its title will not support such a provision, cannot be maintained. The title to the 1928 act reads:

"An Act to amend and reenact Sections 4130, 4135, 4143, 4146, 4147, 4148, 4151, subsection 2 and 4250 of the Kentucky Statutes, John D. Carroll's edition, 1915, as amended by Chapter 175 of the 1926 Acts of the General Assembly of the Commonwealth of Kentucky, all relating to revenue and taxation."

This being a general title, it is comprehensive enough to include the creation of the office of delinquent tax collector. Fiscal Court of Pendleton County v. Pendleton County Board of Education, 240 Ky. 589, 42 S. W. (2d) 885.

In so far as complaint is made about allowing the appellee credit for the $421 for advertising delinquent

taxpayers, appellant is technically correct, since neither the state nor county is responsible under the statute for that sum. Ky. Stats., sec. 4149. However, it was agreed on the oral argument that appellee had accounted in his settlement for this $421 as a debit item. This he did not have to do, and by allowing him now to take credit for this sum we simply restore the bookkeeping status to what it would and should have been had appellee not accounted for such sum as a debit item.

No error appearing, the judgment of the lower court is affirmed.

Whole Court sitting.