## Barkley v. Stockdell et al.

(Decided Dec. 15, 1933.)

2

CLIFFORD E. SMITH for appellant.

BAILEY P. WOOTTON, Attorney General, S. H. BROWN, Assistant Attorney General, S. M. ROSENSTEIN, WARNER E. HAYNES and JOHN FORD, Jr., for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

This case involves a declaration of rights and powers arising from the fact that the present sheriff of Scott county, George G. Barkley, whose term expires the first Monday in January, 1934, has been elected to the office of county judge of that county and expects to qualify as such on the same day. Section 4135, Statutes (Supplement), as construed in Madison County v. Hamilton, 243 Ky. 29, 47 S. W. (2d) 938, designates the outgoing sheriff as a special collector for the collection of taxes unpaid at the expiration of his term and gives him until June 1st following in which to make the collections and make an accounting. By the amendment and re-enactment of 1932 (chapter 129, Acts of 1932), he is required to execute a revenue bond to cover his activities as such officer. The incoming sheriff has no authority to collect these taxes by virtue of his office. The questions presented rest upon the primary one of whether this office of special tax collector is incompatible with the office of county judge. If it is, the result-

ing rights, powers, and liabilities of all those concerned are to be declared. The issues are indicated by the statement of our conclusions respecting them, which are the same as those of the trial court.

■ The office of special tax collector clearly is incompatible with the office of county judge. Section 165, Constitution; section 3746, Statutes. Aside from any specific constitutional or statutory prohibitions, incompatibility depends on the character and relation of the offices and not on the matter of physical inability to discharge the duties of both of them. The question is whether one office is subordinated to the other, or the performance of one interferes with the performance of the duties of the other, or whether the functions of the two are inherently inconsistent or repugnant, or whether the occupancy of both offices is detrimental to the public interest. McQuillen on Municipal Corporations, sec. 460; 22 R. C. L. 412; Hermann v. Lampe, 175 Ky. 109, 194 S. W. 122. Among perhaps other conflicting duties, the tax collector is required to make settlement with the fiscal court of which the judge is a member. Sections 1833, 1847, Ky. Stats., and section 4135, Ky. Stats. Supp. 1933. That this would be an intolerable situation needs no saying. Should one qualify for both offices, he would ipso facto vacate the office first accepted. Middleton v. Middleton, 239 Ky. 759, 40 S. W. (2d) 311.

■ Although designated by the statute as the special collector of these taxes, the outgoing sheriff is under no legal duty to accept the office. There is no attempt on the part of the statute to compel him to do so. If there were, its constitutionality might well be doubted.

■ If the outgoing sheriff should fail to qualify as tax collector by executing the bond required by law, a vacancy in that office would exist and it would become the duty of the county court to fill it according to the provisions of section 4131, Statutes.

■ The result of this conclusion is to deny the claim of the incoming sheriff that, if the outgoing sheriff does not qualify, since the qualification of the outgoing sheriff is a condition precedent to his assumption of the office, he, the incoming sheriff, will be entitled to collect the taxes by virtue of his office, under the terms of section 4129, Statutes, providing that the sheriff

4

shall be the collector of taxes unless the payment thereof is specially directed to be made to some other officer; and also under the provisions of the first part of section 4135 directing the outgoing sheriff to immediately vacate his office and deliver all books and papers to his successor and make settlement. We think the trial court properly disallowed any right in the incoming sheriff to do this because of the act of 1928, re-enacted in 1932 (section 4135, Supplement to the Statutes), modified the law relied upon by providing that the special tax collector should perform this duty of completing the collection of taxes charged against the outgoing sheriff according to the terms of section 4128a-2 et seq. Madison County v. Hamilton, supra. Moreover, there is no provision for charging the incoming sheriff with these taxes, and under the law the sheriff cannot be required to execute a revenue bond until June 1, 1934, although he is permitted to do so. Section 4130, Ky. Stats. Supp. 1933.

■ Should the outgoing sheriff elect not to qualify as special tax collector after the expiration of his term as sheriff, he may make settlements with the state and the various taxing districts through their designated officers and it will be their duty to accept a proper and correct settlement. The settlements, of course, are for all money which was collected or received by the sheriff during his term. He will be entitled to a credit against the amount of taxes charged to him under the provisions of section 4128a-2, Statutes, for all taxes remaining uncollected. These are to be charged to the special tax collector. It will follow that when such settlements are made, the sheriff and the sureties on his bonds will be relieved of liability according to the various applicable statutes and judicial decisions. Section 4134, Statutes; Carl v. Thiel, Sheriff, 211 Ky. 328, 277 S. W. 485; Davis v. Walker, 212 Ky. 379, 279 S. W. 654; 46 C. J. 1071.

■ Although the incoming sheriff does not become the special tax collector by virtue of his qualification as sheriff and is not chargeable with the uncollected taxes, we perceive no incompatibility between the two offices. James v. Cammack, 139 Ky. 223, 129 S. W. 582; Vogt v. Beauchamp, 153 Ky. 64, 154 S. W. 393; Coleman v. Hurst, 226 Ky. 501, 11 S. W. (2d) 123. This conception of consistency is fortified by the fact that the statute

provides that the collection of taxes shall fall back upon the sheriff ex officio when no one is expressly designated. Section 4129, Statutes. If he should be appointed to this special office, he must execute the special bond provided therefor.

Since the judgment is in accord with these conclusions, it is affirmed.

Whole court sitting.