## Petty v. Talbott, Auditor of Public Accounts.

(Decided June 22, 1934.)

CLIFFORD E. SMITH and HERMAN G. HANDMAKER for appellant.

BAILEY P. WOOTTON, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellant, Hubbard R. Petty, sought to obtain a writ of mandamus to compel the auditor to pay him for the collection of certain taxes in the year 1934. A demurrer was sustained to his petition. He declined to plead further; his petition was dismissed; and he has appealed.

## Appellant's Claim.

The appellant, Hubbard R. Petty, was elected sheriff of Jefferson county at the regular November election in the year 1929 and qualified on the first Monday in January, 1930, and served as such officer for the four-year term which ended December 31, 1933.

The sheriff of Jefferson county is paid an annual salary of $5,000 per year under the provisions of sections 1761 and 1762, Kentucky Statutes, and the provisions of section 4168 of the Kentucky Statutes, allowing certain commissions to sheriffs generally, do not

apply to the sheriff of Jefferson county. The entire compensation of the sheriff of Jefferson county and of his deputies and the payment of his office expenses is governed by sections 1761 and 1764, both inclusive, of the Kentucky Statutes. The appellant, as sheriff of Jefferson county, and his deputies and office expenses were paid in full under the provisions of said sections, and appellant received the annual salary of $5,000 per year for each of the four years of 1930 to 1933, inclusive, as sheriff of said county. On the expiration of appellant's term as sheriff, he made a full and complete settlement of his accounts with the commonwealth of Kentucky and received his quietus from the auditor of public accounts.

At the time of appellant's election as sheriff of Jefferson county in November, 1929, and at the time of his qualification as such sheriff on the first Monday in January, 1930, section 4135, Kentucky Statutes, Carroll's 1930 Edition, being a part of chapter 129 of the Acts of the General Assembly of 1928, was in full force and effect. Said act created a separate and distinct office from that of sheriff, to wit, the office of tax collector, and under the provisions of said act appellant was entitled by his election and qualification as sheriff of Jefferson county to serve as such sheriff for a term of four years at an annual salary of $5,000 per year; and, upon the expiration of his term of office as such sheriff, to qualify as tax collector under the provisions of said chapter 129 of the Acts of the General Assembly of 1928 and to keep in his possession all tax bills unpaid at the expiration of his term as sheriff of said county and to account for same as provided by law on or before the first Monday in May, 1934; and is entitled to compensation for his services as tax collector as provided in section 4168, Kentucky Statutes. The appellant contends that upon his election and qualification as sheriff aforesaid he thereby acquired a fixed and vested right to retain all unpaid tax bills in his hands at the expiration of his term as sheriff of Jefferson county, to collect and account for same, and to receive as his compensation therefor the commissions authorized and provided in and by section 4168, Kentucky Statutes, and the reasonable and necessary expenses of said office of tax collector. At the expiration of his term of office as sheriff of Jefferson county, there remained in his hands uncollected approximately 70,000 tax bills, amounting to approximately $1,500,000 in uncollected taxes. In the year

1933 there was placed in his hands as sheriff aforesaid approximately 131,776 tax bills, amounting to approximately $4,000,000 in taxes with which he was charged as provided by law as sheriff of said county. The appellant contends that, under the provisions of chapter 129 of the Acts of the General Assembly of 1928 and section 4168 of the Kentucky Statutes, he was entitled to retain said tax bills approximately 70,000 in number, and collect and account for the unpaid taxes in the approximate amount of $1,500,000 as tax collector after the term of his office as sheriff aforesaid, and to receive compensation therefor and the reasonable expenses of his office as provided in section 4168, Kentucky Statutes, which section applies to all tax collectors, where there is no other compensation fixed by statute. He claims that said rights became fixed and vested immediately upon his election and qualification as sheriff aforesaid, subject only to be defeated by (a) his death, resignation, or removal as sheriff before the expiration of his term of said office, or (b) subject to the right of the Legislature to relieve the sheriff and/or tax collector from the duty of accounting for said taxes. Neither of said conditions happened or occurred, and the appellant claims that his rights in the premises were and are now absolute and vested. The appellant, on or before the expiration of his term of office as sheriff aforesaid, executed a new revenue bond as tax collector, took the required oath of office, and duly qualified as tax collector of Jefferson County and retained the aforesaid tax bills which were then unpaid and proceeded with the collection thereof, and is now so proceeding, and he is now, and has been ever since the date of the expiration of his term of office as sheriff aforesaid, the duly elected, qualified, and acting tax collector of Jefferson county, Ky.

In the case of Madison County v. Hamilton, 243 Ky. 29, 47 S. W. (2d) 938, the Court of Appeals held that chapter 129 of the Acts of the General Assembly of 1928 was constitutional, that it created a new office separate and distinct from the office of sheriff, and that it designated the outgoing sheriffs of the respective counties as the class entitled to said office of tax collector, and that the compensation of such tax collectors is governed by section 4168, Kentucky Statutes, Carroll's 1930 Edition, and that such compensation is entirely separate and distinct from the compensation of sheriffs and in no way related thereto or limited thereby.

After the decision of the Court of Appeals in the Madison County Case, supra, the General Assembly of 1932 passed an act, the title of which is as follows:

"An Act repealing and re-enacting Sections 4130, 4135, 4143, 4147 and 4148 of Carroll's Kentucky Statutes, 1930 Edition, which sections relate to revenue and taxation, and repealing all acts, parts of acts, and laws in conflict with this Act."

Said act is compiled in the Acts of the Legislature of 1932 as chapter 129, and is compiled in Baldwin's Kentucky Statutes Service, 1933 Supplement, as sections 4130, 4135, 4143, 4147, and 4148. Said act purported to amend chapter 129 of the Acts of 1928, compiled as section 4135, Kentucky Statutes, Carroll's 1930 Edition, by inserting therein the following:

"Provided, that the income of the outgoing sheriff arising for commissions for collection of taxes, shall be treated as a part of the income of the sheriff for the preceeding year."

The appellant, since the expiration of his term as sheriff, and since his qualification as tax collector of Jefferson county, has reported monthly and paid over to the auditor of public accounts all of the state taxes collected by him, and the auditor of public accounts has issued his warrants upon the state treasurer in payment of the expenses of appellant's office as tax collector, including payment of reasonable compensation of appellant's deputies, but, in view of the foregoing provision of chapter 129 of the Acts of 1932, said auditor has declined to pay or give appellant credit for any commissions or compensation for his services as tax collector until the court passes upon his right or duty so to do.

The appellant filed his petition against the auditor of public accounts in the Franklin circuit court setting out the foregoing facts and charging that the foregoing provision in chapter 129 of the Acts of 1932 is invalid, and that that portion of said act is unconstitutional, null, and void because:

Said act, so he says, violates the provisions of section 51 of the Constitution of Kentucky in that:

(a) It relates, so he contends, to more than one subject.

(b) The body of said act, so appellant contends, contains subject-matter and provisions not embraced in the title to said act, to wit: The provision in section 2 thereof (section 4135, Kentucky Statutes, Baldwin's 1933 Supplement) as follows:

> "Provided, that the income of the outgoing sheriff arising from commissions for collection of taxes, shall be treated as a part of the income of the sheriff for the preceding year."

Appellant states that there was nothing in the provisions of section 4135, Kentucky Statutes, Carroll's 1930 Edition, the section of the Statutes referred to in the title as being amended, which related directly or indirectly to the salary, fees, or compensation of either the sheriffs, the outgoing sheriffs, or the tax collectors, and there is nothing in the title of said act (chapter 129 of the Acts of 1932) mentioning or relating to either the salary or the compensation or commission of sheriffs, outgoing sheriffs, or tax collectors.

(c) Said act, so he contends, violates section 51 of the Kentucky Constitution, in that by the language of the act next hereinabove quoted the General Assembly undertook to revise, amend, and extend the provisions of section 4168, Kentucky Statutes, by general reference to the title of revenue and taxation, without re-enacting and publishing said section at length and without mentioning said section in its title, all in violation of said section 51 of the Kentucky Constitution.

Said act (being chapter 129 of the Acts of 1932), so appellant contends, violates the provisions of section 59, subsections 18 and 29, of the Kentucky Constitution, in that by the provisions of said act hereinabove quoted and referred to, the General Assembly passed a local or special act concerning the subject, and for the purpose of decreasing fees, percentages, or allowances to public officers, in that the General Assembly arbitrarily and without any substantial basis therefor undertook to require certain outgoing sheriffs to qualify as tax collectors and assume the responsibilities and perform the duties thereof without any compensation therefor, while other outgoing sheriffs and tax collectors performing like and similar duties were not deprived of compensation for the performance of their duties as such tax collectors. Said act violates subsection 29 of section 59 of the Constitution, in that it is a local or special act where a general law could have been made applicable.

(3) Said Act (chapter 129 of the Acts of the General Assembly of 1932) violates, so appellant says, sections 161 and 235 of the Kentucky Constitution in so far as said act applies to this appellant, in that it reduces the compensation which was fixed and established by law of the office of tax collector of Jefferson county, which law was in effect at the time appellant was elected as sheriff of said county as aforesaid, and under and by virtue of which appellant was and is entitled to the office, fees, and emoluments of tax collector of Jefferson county upon the expiration of his term of office as sheriff of said county, and the rights to which became fixed and vested in appellant immediately upon his election and qualification as sheriff of Jefferson county as aforesaid, subject only to being defeated by conditions subsequent hereinabove stated, none of which conditions happened or occurred.

In the prayer of said petition, appellant prayed specifically for a full and complete declaration of his rights to compensation as tax collector of Jefferson county under the provisions of section 4168, Kentucky Statutes, Carroll's 1930 Edition; for a full and complete declaration of the duties of the appellee, J. Dan Talbott, as auditor of public accounts of the commonwealth of Kentucky, relating to the payment of appellant his compensation and expenses under said section 4168 or of crediting appellant therefor in his settlement; that chapter 129 of the Acts of the General Assembly of 1932 be held inoperative, unconstitutional, and void as to this appellant as being in violation of section 51, subsections 18 and 29 of section 59, section 161 and section 235 of the Constitution of Kentucky; and for a writ of mandamus directing and compelling the appellee, J. Dan Talbott, as auditor of public accounts of the commonwealth of Kentucky, to either (a) issue his warrant or warrants in favor of appellant upon the state treasurer for commissions upon taxes collected by him as tax collector of Jefferson county upon the basis and as provided by section 4168, Kentucky Statutes, or (b) that the appellee, J. Dan Talbott, as auditor of public accounts of the commonwealth of Kentucky, be required to credit appellant in appellant's settlement with said appellee with the amount of said commissions and expenses, the payments to be so made or credited to appellant not to exceed $5,000, exclusive of the reasonable and necessary expenses incurred by appellant in the performance of

his duties as such tax collector, including in such expenses the reasonable salaries or compensation of necessary deputies and assistants.

## The Questions.

Does chapter 129, Acts 1932, conflict with section 51, Ky. Const.?

(a) Does it relate to more than one subject? (b) Does it contain provisions not germane to the title? (c) Does it revise, amend or restrict the provisions of section 4168 or any other section of Kentucky Statutes?

All of this is leveled on and directed to these words contained in section 2 of chapter 129, Acts of 1932, now section 4135, Kentucky Statutes Supplement 1933:

> *"Provided, that the income of the outgoing sheriff arising from commissions for collection of taxes, shall be treated as a part of the income of the sheriff for the preceeding year."*

We have examined the enrolled bill and have copied this therefrom. The reader will note the word "for" in our published acts and in the statutes should be "from," but the word "preceding" is incorrectly spelled in the enrolled bill. Errors in spelling which do not obscure the sense are not fatal. 31 C. J. p. 656, sec. 177. The italicized proviso. is the storm center of this controversy. In Madison County v. Hamilton, 243 Ky. 29, 47 S. W. (2d) 938, 939, we had before us the question of the compensation of Mr. Hamilton as sheriff of Madison county under the Act of 1928, and we said:

> "* * * By this act of 1928 the Legislature intended to create the office of delinquent tax collector and simply designated the outgoing sheriffs as the class which might fill that office as it had a right to do.
> * * * The Legislature did not extend the term of the sheriff, but created a new office, that of delinquent tax collector, and designated the class that might fill such office. * * * The services he rendered as delinquent tax collector were no part of his duties as sheriff and were not performed or directed to be performed within the term of his office as sheriff. They were rendered in an entirely new and different capacity and for them he was entitled to compensation. But such compensation is that fixed by the statute for the collection of taxes since, in the absence of statutory authority for the pay-

ment of compensation for the collection of taxes, there would be no liability for such payment.''

The Legislature had not in the act of 1928 said anything about compensation for this work, and we held in that case that sections 1729, 4168, 4307b-4 and 4399a-8 applied. The Legislature has, in the act now before us, made no change in or provision concerning this matter of compensation, except that contained in the proviso quoted above. The effect of this proviso is to take away from a former sheriff acting as delinquent tax collector, as the appellant is, all right to compensation under the statutes cited if he has for the preceding year received $5,000, or, if he has received less than $5,000, then he is only entitled to such compensation as will bring his compensation for such preceding year up to $5,000.

It will be observed that this proviso, which we have italicized, does not mention sections 1729, 4168, 4307b-4 or 4399a-8. It does not amend them. It does not restrict them or revise them in any manner or to any extent. Those four sections of our statutes are just as much in force as they ever were. Their provisions are not changed. Their vigor is unimpaired. The Legislature was dealing with the appointment of outgoing sheriffs as delinquent tax collectors. The Legislature had full power to say that these outgoing sheriffs might be permitted to collect this tax or the Legislature could have denied to the outgoing sheriffs all right to collect this tax. It could fix upon them such terms as it chose. It could fix their compensation, but it did not see necessary to do so. But it did say that the income of the outgoing sheriffs, arising from commissions for collection of these taxes, should be treated as a part of the income of the sheriff for the preceding year; and, when it said that, which it had a perfect right to say, then the operation of section 246 of the Constitution was the thing that kept the appellant from being able to collect anything for his services in collecting these taxes in the year 1934 because he had collected $5,000 in 1933. If it were not for that provision of the Constitution, he would have no difficulty in collecting the sums that would otherwise be due him under the four sections of our statute cited above. So our answer to question (a) is that this statute does relate to but one subject. That subject is revenue and taxation. (b) The provision dealing with the appointment of outoging sheriffs as

delinquent tax collectors and providing that their income from that source should be treated as a part of their income for the preceding year is germane to title. It is all a part of one and the same subject, "revenue and taxation," and our answer to question (c) is, that none of the provisions of any statutes except sections 4130, 4135, 4143, 4147, and 4148 are in any manner revised, restricted, or modified by the act in question.

Therefore we conclude the act does not conflict with section 51 of the Kentucky Constitution. The appellant cites the case of Pottawatomie County v. Alexander, 68 Okl. 126, 172 P. 436, but this case is distinguishable from that one, because in that case the Legislature undertook to say that values placed upon public service corporations by the state board of equalization should not be included in estimating the compensation due the assessor; whereas by other statutes such values were included in making the estimate of the assessor's compensation. The proviso in that case directly affected a statute not mentioned in the title. The proviso in the case before us does not affect the statutes under which a tax collector gets his compensation, but in the creation of a new office, to which outgoing sheriffs are nominated, it merely provides that the income from this new office shall be treated as a part of the sheriff's income for the preceding year. The statutes fixing the fees for collecting taxes remained unchanged, and it is the operation of section 246 of the Constitution and not any change in the statute of which the appellant is really complaining. In the case of State v. American Sugar Refining Co., reported in 106 La. 553, 31 So. 181, we have a case where the state of Louisiana had amended certain sections of an act dealing with revenue (Acts 1898, No. 171), and it had attached to section 10, as amended (Acts 1900, No. 103), a provision to change the license tax upon the business of refining sugar and molasses. The license tax upon the refining of sugar and molasses was fixed by section 11 of the act, and by this amendment, which had not referred to section 11 in its title, it was sought by a proviso attached to section 10, as amended, to change the license tax upon the business of refining sugar and molasses, and it was very properly held that the amendment violated article 31 of the Constitution of Louisiana, which is very similar to section 51 of our Constitution. But again we must call attention to the fact that in the Louisiana case an attempt had been made to change the provisions of a stat-

ute without referring to it in the title of the act, whereas in the act before us, no statute, not mentioned in the title of the act, was changed by the proviso we have italicized.

Does the act conflict with section 59, Kentucky Constitution?

By section 59 of our Constitution the Legislature is denied the power to pass any local or special act upon many subjects, among which are these:

"18. To create, increase or decrease fees, percentages or allowances to public officers, or to extend the time for the collection thereof, or to authorize officers to appoint deputies. * * *

"29. In all other cases where a general law can be made applicable, no special law shall be enacted."

There is nothing local or special in this act; no particular sheriff is singled out and the act leveled at him; no county is singled out and the act leveled at it. It applies to all "outgoing sheriffs." That includes every one of the 120 outgoing sheriffs in Kentucky, and the proviso italicized above will affect every one of them whose net receipts for 1933 amounted to $5,000 or whose net receipts for 1933 will be by his net compensation as delinquent tax collector so increased that it would, if paid him, exceed $5,000. This act does not become a local or special act, because there may be sheriffs who will not be affected by it. Specht v. City of Louisville, 135 Ky. 548, 122 S. W. 846; Stone v. Wilson, 39 S. W. 49, 19 Ky. Law Rep. 126; Winston v. Stone, 102 Ky. 423, 43 S. W. 397, 19 Ky. Law Rep. 1483; York v. Ross, 139 Ky. 215, 129 S. W. 580; 25 R. C. L. p. 815; sec. 66; 59 C. J. p. 734, sec. 321 et seq.

Does chapter 129, Acts 1932, conflict with section 161 or section 235 of Kentucky Constitution?

There was no subject upon which the Constitutional Convention was more determined than that an officer's salary should not be changed during his term of office. As an evidence, see sections 161, 235, and subsection 18 of section 59. The convention kept on writing on that subject. They did not want an officer's salary changed during his term under any circumstances, and Petty contends this italicized proviso does change his salary during his term, but he is mistaken. His term of office

as delinquent tax collector began in January, 1934, and this change was made in 1932. His term of office as sheriff and his term of office as delinquent tax collector are two entirely separate and distinct offices and terms.

There was another subject upon which the Constitutional Convention had very decided views. The Legislature was not to create any office, the appointment to which should be for a longer period than four years. See sections 23, 93, 99, and 107, Kentucky Constitution. When appellant was elected, it was for a four-year term, and no more. The Legislature indicated both in chapter 129 of Acts of 1928 and chapter 129 of Acts of 1932 that an outgoing sheriff may under certain circumstances collect the taxes then unpaid. He does not collect those taxes as sheriff, for, by reference to the earlier parts of section 4135, Kentucky Statutes, it will be seen that the law contemplates a new sheriff shall then be acting. The Legislature was creating a new office, which in Madison County v. Hamilton, 243 Ky. 29, 47 S. W. (2d) 938, we referred to as that of "delinquent tax collector." It was a new and distinct office, to which the outgoing sheriff was nominated, but the duties of which would devolve upon him—not as sheriff but as delinquent tax collector.

Appellant has served his full four years as sheriff; he has drawn the full compensation for those four years, permissible under sections 1729, 1761, 1762 and 4168, Kentucky Statutes, and section 246, Kentucky Constitution. That compensation was in no way either increased or diminished during his term of office. His term has come to an end, and he is now filling a new and distinct office, for which, as we pointed out in Madison County v. Hamilton, supra, not only there would be no compensation in the absence of statutory authority, but for which the Legislature has impliedly said that there shall be no compensation paid to an outgoing sheriff who had in the previous year collected net $5,000 for his services.

We are unable to find any conflict between the act in question and the Kentucky Constitution. The result is the appellant can collect nothing for his services in 1934. It is argued it is not right to have a man give a bond and render this service without some compensation therefor; but appellant should have read the act before he accepted the office. If he did, he knew the situation, and he did not have to accept the office. See Barkley v.

Stockdell, 252 Ky. 1, 66 S. W. (2d) 43. The trial court properly sustained the demurrer to and dismissed his petition.

Judgment affirmed. The whole court sitting.