## Land v. Fayette County.

(Decided April 27, 1937.)

FOWLER & FOWLER for appellant.

SAMUEL H. COLE, Co. Atty., for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

Charles Land was elected sheriff of Fayette County, Ky., at the November election, 1929. His term of office ended on January 4, 1934.

It is conceded that he received for his services for 1933, commissions on taxes collected, the sum of $5,000, the salary allowed him under section 246 of the Constitution of Kentucky. When his term ended, there remained, according to the record, uncollected taxes amounting to $450,998.30 for the year 1933. As authorized by section 4135, Kentucky Statutes, being the statute that was enacted at the legislative session in 1932 (chapter 129), the outgoing sheriff was authorized by the act to execute a new revenue bond and then keep in his possession all unpaid tax bills for collection and to be accounted for on the 1st day of June, 1934. In pursuance of that section of the Statute, Land executed a revenue bond, and undertook and did collect the unpaid taxes. The amount claimed by him as commisisons collected was $15,147.87. Out of that amount he retained as his commission and for expenses paid out by him the sum of $10,380.56, paying over to the county treasurer the remainder of $4,767.30. He claimed to be entitled to a commission for collecting the taxes the sum of $5,000; also, for amounts paid by him as premiums for his official bond for the year 1933, the sum of $1,250,

which he had by oversight failed to get credit for in a former settlement, and the further sum of $1,250, premium paid by him on his revenue bond for 1934, amounting in the aggregate to $2,500, premiums paid on the two revenue bonds. There were other credits claimed by him, but the only amounts in controversy are the $5,000 commission as additional salary and the $2,500, the amount paid for the two bonds.

The county attorney of Fayette County excepted to the amount retained by him as his commission to the extent of $5,000, and to the aggregate sum of $2,500, the amount paid to his sureties to make his bonds. On a trial before the county court the exceptions were sustained. Land then executed a supersedeas bond and appealed to the circuit court. On a trial before that court, judgment was rendered in favor of Fayette county. From that judgment, he appeals.

The question now before us: Was Land entitled to retain out of the funds for the taxes collected by him the commission of $5,000, or any part of it, as an additional salary as sheriff; or did he have the right to retain $2,500, or any part of that, for the amount paid by him as premiums to the sureties signing his two official bonds?

The Legislature, in 1932, by an act amended and repealed sections 4130, 4135, 4143, 4147, and 4148, Kentucky Statutes, 1930 Ed., which sections relate to revenue and taxation, and repealing all acts, parts of acts, and laws in conflict with this act. The act is compiled in the acts of the Legislature of 1932 as chapter 129.

Section 4135, referred to, as being repealed and amended, is as follows:

"The outgoing sheriff, as soon as his successor has been qualified and inducted into office and his official bond approved, shall immediately vacate his office, deliver to his successor all books, papers, records, and other property held by virtue of his office and shall make a full and complete settlement of his accounts as sheriff. Except that the outgoing sheriff upon the execution, as herein provided, of a new revenue bond, shall keep in his possession all unpaid tax bills and shall collect and account for same as provided by law, and shall have until the first day of June after his term of office has expired to make his settlement with the auditor of

public accounts and the fiscal court of his county and to receive his quietus, and immediately thereafter he shall deliver these records to his successor. On the failure of any outgoing sheriff for ten days to comply with the provisions of this section, he shall be deemed guilty of a misdemeanor and, on conviction, be fined in a sum not less than fifty dollars [$50] nor more than five hundred dollars [$500] and be liable on his bond for any default. *Provided, that the income of the outgoing sheriff arising from commissions for collection of taxes, shall be treated as a part of the income of the sheriff for the preceding year."* (Italics ours.)

Thus, we find ourselves, by reason of the italicized proviso, supra, up against a wall so strong and so high that we are not authorized to move a step further, so far as the $5,000 additional commissions are concerned.

Under the section as amended, in the case of Petty v. Talbott, Auditor of Public Accounts, 256 Ky. 688, 76 S. W. (2d) 940, the question was directly decided against the contention of the appellant; therefore, we have no hesitancy in saying that the duties of Land, after executing the new revenue bond, had not been completed until all of the taxes due in 1933 had been collected.

Under section 4135, before this amendment, the office of sheriff ended at the termination of his term. For the collection of the remainder of the taxes left over, a new office was created.

We found no trouble in deciding, as we did, in the case of Madison County v. Hamilton, 243 Ky. 29, 47 S. W. (2d) 938, that the limitation of the amount of salary to be received by the sheriff did not control this new official; that it only applied when acting as the sheriff; but since this amendment, which specifically provides that the income of the outgoing sheriff, arising for commissions for collection of taxes due in the year 1933, must be treated as a part of the income of the sheriff of the preceding year, that decision does not now apply.

Counsel for Land makes a strong, vigorous, and very commendable effort in an attempt to draw a line, or find a distinction, between the facts upon which the case of Petty v. Talbott, supra, was based, and the facts upon which the case before us is based. Counsel in-

sists that because the salary of the sheriff of Jefferson county, it being a county of more than 200,000 inhabitants, is fixed at $5,000, at the beginning of the term, regardless of the services rendered, and not being dependent on commissions on the taxes collected, as provided by the Statutes, that the conclusion reached in that opinion should not apply to the instant case; that it was not necessary for the court to pass upon or construe the amendment of section 4135, in order to decide the question involved in the Petty Case; what was said by the court in construing that section was obiter dictum; or, at least, the court's interpretation was voluntary and not necessary. We do not agree with counsel in that assertion. However, granting counsel's contention to be true, we are now of the opinion, that the proviso, contained in section 4135, precludes Land to retain any further commission for the taxes collected by him since the end of his term. The $5,000 already received by him as commissions for his collections of 1933 is all he is entitled to.

The construction given by the court in the case of Petty v. Talbott, supra, was approved in the later case of Overstreet, Sheriff, v. Boyle County Fiscal Court et al., 264 Ky. 761, 95 S. W. (2d) 584, 587. In that case, in discussing section 4135, the court said:

" 'Plaintiff insists, however, that the construction now rejected finds support in Madison County v. Hamilton, 243 Ky. 29, 47 S. W. (2d) 938, 940. But that case is not in point here. What it decides is that, where a sheriff's term has expired, and he collects the delinquent taxes, as provided for in section 4135, Ky. Stats., as it stood at the time that opinion was rendered, he is not acting as sheriff; it is not a continuation of his duties as sheriff that he is discharging, but those of a new office, created by that section. As the opinion states the matter: "The services he rendered as delinquent tax collector were no part of his duties as sheriff and were not performed or directed to be performed within the term of his office as sheriff. They were rendered in an entirely new and different capacity and for them he was entitled to compensation." The court therefore held that what compensation the former sheriff had earned as sheriff had no bearing on the question of what compensation he was entitled to as delinquent tax collector, because that

office was distinct from that of sheriff, and his right to compensation should be determined accordingly. In the present case, we are not concerned with two different offices. We are concerned with one office, and the right of one succeeding another in that office, for the remainder of the unexpired term, to certain compensation limited to the occupant of the office who rendered the services for which that compensation is provided.' Late amendments to section 4135 [see Ky. Stats. Supp. 1933] were involved in the more recent case of Petty v. Talbott, Auditor, 256 Ky. 688, 76 S. W. (2d) 940, in which it was held pursuant to such amendments that the outgoing sheriff had the right to collect uncollected delinquent taxes at the time of his retirement from office, but that he was not entitled to commissions thereon if he had earned his constitutional allowance prior to retiring from office, and which amendment, as so construed, made a radical change in the law as declared in the Hamilton Case, supra."

We also said in the Overstreet Case, supra:

"Statutes relating to the fees and compensation of public officers must be strictly construed in favor of the government, and such officers are entitled only to what is clearly given by law."

See 46 C. J. 1019, sec. 250.

However, it occurs to us that Land, before executing bond and collecting the tax, referred to, should have investigated the law more fully. He was not compelled by that section, as we view it, to execute the revenue bond, after his term of office ended, and collect the taxes. However, if he did so, then it was his duty not only to collect the uncollected taxes for 1933, but to account for same before he could obtain his quietus, and if he failed to comply with the terms of the law, he subjected himself to the penalty prescribed in the law and his bondsmen became responsible for the taxes received by him, as provided by that law.

It looks hard for this work to be done by Land without receiving additional compensation, and especially when the time was extended by the Governor for the collection of the taxes, but the act of the Legislature controls. This court has no power or authority to ignore the plain terms of the law.

As to the collection of the $2,500 paid by Land to

his sureties on his bonds, we think the court was right in not allowing those sums. That question was settled in the case of Commonwealth for Use, etc., v. Nunnelley et al., 211 Ky. 409, 277 S. W. 506, 510.

We said in the case of Crick v. Rash, 190 Ky. 820, 229 S. W. 63, that the fiscal court had only such power and authority as was expressly conferred upon it by law. Also, in Black v. Davenport, 189 Ky. 40, 224 S. W. 500, we said that the fiscal court had no authority to appropriate money for any purpose except those expressly authorized by law. See Allin v. Mercer County, 174 Ky. 566, 192 S. W. 638; Ray v. Woodruff, 168 Ky. 563, 182 S. W. 662; Mills v. Lantrip, 170 Ky. 81, 185 S. W. 514.

In the case of Commonwealth, for Use, etc., v. Nunnelley et al., supra, we said:

"We find no statute authorizing the sheriff to charge the cost of his official bond to the county nor authority in the fiscal court to allow such claim."

Therefore, based upon the authorities referred to, we must decide that the premiums paid by Land for his official bonds cannot be paid by appellee.

It is, therefore, our conclusion that the judgment should be affirmed.