## Department of Revenue et al. v. McIlvain et al.

June 7, 1946.

Eldon S. Dummit, Attorney General, and Roy W. House, Assistant Attorney General, for appellants.

J. J. Leary and Bernard T. Moynahan, Jr., for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee, Harold W. McIlvain, was sheriff of Harrison County for the full term beginning on the first Monday in January, 1942, and terminating on the first Monday in January, 1946. Appellee, Jim Ethington, occupied the same position as sheriff of Jessamine County. They each accepted the office of Special Tax Collector of their respective counties after the expiration of their terms as sheriffs of their respective counties on the installation of their successors.

The Legislature at its regular session in 1940 enacted Chapter 163, which is on page 641 of the Session Acts for that year. Among other things it repealed, amended and reenacted certain statutory provisions theretofore existing with reference to the collection of delinquent taxes remaining uncollected by the retiring sheriff within the last year of his term. Section 2 of that Chapter, now section 134.210, KRS, says in part:

"There is created the office of special tax collector, whose sole duty shall be to collect, as far as he can up until June 1 following the expiration of the sheriff's term of office, all unpaid tax bills in possession of the sheriff upon the date of expiration of his term, and the franchise tax due on or before June 1 after the term of office of the sheriff has expired. The outgoing sheriff may elect to act as special tax collector for the balance of the current tax year, in which event he shall keep all unpaid tax bills that he has in his possession on the date of expiration of his term as sheriff, and shall collect and account for them as provided by law. * * *

"If the outgoing sheriff declines or fails to act as special tax collector, a vacancy shall be declared to exist which shall be filled by appointment by the county judge, who may appoint the incoming sheriff as special tax collector."

Subsection (3) of the same section prescribes, inter alia, that: "The compensation and other necessary expenses of the special tax collector incident to the collec-

tion of unpaid tax bills shall be the same as provided by law for the sheriff of the county in which the duties are performed, except that the special tax collector's personal compensation shall not exceed $2,083.35.'' Section 134.290, KRS, a part of the same chapter, prescribes that the sheriff (as such officer during his term) shall receive as commissions ''ten percent upon the first five thousand dollars and four percent upon the residue collected or accounted for and paid into the State Treasury in each year.'' Also it provides that he shall be allowed the same commissions for collecting the county taxes but that his entire compensation from all sources ''shall not exceed five thousand dollars, independent of the compensation of legally authorized deputies and assistants.''

A controversy arose between the tax gathering authorities and the above two retiring sheriffs—each of whom, as we have said, accepted the office of special tax collector—as to the amount of commissions that each one of them should receive in payment for their services as special tax collectors for their respective counties. They contended that they were entitled to ten percent commission on the first five thousand dollars of delinquent taxes that they collected as such special tax collectors, and four percent on the balance, not to exceed in all $2,083.35 as prescribed in section 134.290, KRS, supra.

The taxing authorities (the county and the Department of Revenue representing the Commonwealth), however, contended that the retiring sheriffs who accepted the positions as special tax collectors in their respective counties were entitled to only four percent upon the amount of delinquent taxes they collected in that capacity not to exceed the amount supra, and that they were not entitled to the ten percent on the first five thousand dollars they collected as such collectors. In that situation the Department of Revenue, the Commissioner of Revenue for the State, and its Treasurer filed this declaratory judgment action in the Franklin circuit court against McIlvain and T. Robin Toadvine, Treasurer of Harrison County, in which the above facts, as well as the above statutes, were pleaded, followed by a prayer for judgment making a binding declaration of the rights of the parties in conformity with the contentions of plaintiffs as set out in their petition.

Ethington intervened in the action as special tax collector for the county of Jessamine. McIlvain's answer

averred his contention supra, as did Ethington in his intervening petition, and the case was submitted to the court. It then rendered its judgment sustaining the contention of the appellees as such special collectors, and complaining of that judgment plaintiffs prosecute this appeal.

Learned counsel for appellants in his effort to sustain the contention of their client, and a consequent reversal of the judgment, indulges in a more or less extensive history of the office of sheriff, which is most interesting, but we fail to see wherein it possesses any materiality or aid in determining the controversy which involves an interpretation of the applicable statutes, the chief ones being 134.210 and 134.290 of KRS.

In the interpretation of writings, including statutes, the primary factor to be considered is to determine the intent of the maker, and which in turn is to be determined by the language employed. If that language is plain and unambiguous its meaning should be upheld as so expressed, uninfluenced by any unwise or unusual result that might follow the upholding of the plainly expressed writing or statutes, which is but following frequent expressions of courts to the effect that the intention to be gathered from employed language is the one that it plainly expresses, and not the one that may have been in the mind of the composer, but which he failed to express. In other words, the intention is gathered from what the writers of such documents, including statutes, actually said and not from what they may have intended to but did not say.

Following that interpretive rule we find no escape from the conclusion arrived at by the trial court. It will be noted that the language of KRS 134.210 is that "there is created the office of special tax collector." In subsection (3) of the same section it is provided that the compensation of the occupant of that specially created office "shall be the same as provided by law for the sheriff of the county in which the duties are performed."

Section 134.210, supra, of KRS is the result of various amendments from time to time to section 4135 of Carroll's Statutes as originally enacted, one of which is found in Chapter 129 of the Acts of 1932 which, inter alia, contained this provision: "Provided, that the in-

come of the outgoing sheriff arising from commissions for collection of taxes, shall be treated as a part of the income of the sheriff for the preceding year." However, that proviso is not contained in the 1940 amendment, which is now the section as it appears in KRS.

In the case of Madison County v. Hamilton, 243 Ky. 29, 47 S. W. 2d 938, 939, one of the questions presented was the compensation of the sheriff who acted as collector of delinquent taxes after the expiration of his term and which he was doing as special tax collector under the provisions of the 1928 enactment. The statute then being interpreted contained no provision as to the compensation of the sheriff for his services as such special tax collector, except to say that he should be allowed a "reasonable" sum. In determining the question of his compensation we held that in the absence of a specific statutory allowance for such service we would apply the provided commission for sheriffs while in office for collecting taxes which was ten percent on the first five thousand dollars collected, and four percent on the excess of that amount. By that application the case became one exactly parallel with the question here presented. In the course of the opinion in that case we said: "And so here the Legislature did not extend the term of the sheriff, but created a new office, that of delinquent tax collector, and designated the class to fill such office. The simple effect of this act of 1928 was to repeal so much of section 4129 of the Statutes as provided that the incoming sheriff should be the collector of all taxes unless the payment thereof should by law be expressly directed to be made to some other officer. The right to so designate another officer was exercised by this amendment of 1928 to section 4135 of the Statutes. What we have said being true, it follows that what compensation appellee earned as sheriff has no bearing on his right to compensation as delinquent tax collector. The services he rendered as delinquent tax collector were no part of his duties as sheriff and were not performed or directed to be performed within the term of his office as sheriff. They were rendered in an entirely new and different capacity and for them he was entitled to compensation."

There is nothing contained in the cases of Petty v. Talbott, Auditor, 256 Ky. 688, 76 S. W. 2d 940; Land v. Fayette County, 269 Ky. 543, 108 S. W. 2d 429;

Overstreet, Sheriff v. Boyle County Fiscal Court, 264 Ky. 761, 95 S. W. 2d 584, and Nichols, County Judge v. Land, Sheriff, 288 Ky. 693, 157 S. W. 2d 303, militating against the interpretation made in the case of Madison County v. Hamilton, supra, since altogether different questions were involved in each of them. But, counsel seems to take some comfort from some expressions found in the Overstreet case which they insist are pertinent and relevant in the determination of the instant question. The expression so relied on was taken from the case of Hall v. Ballard County, 140 Ky. 84, 130 S. W. 975, and is: "This court has often held that all of the taxes collected by a county constitutes one fund, and that in estimating the sheriff's commissions for collecting them he is to be allowed commissions on them as a single fund." That statement was completely pertinent to the question involved in that case, but it is totally foreign to any kind of elucidation of the question here involved. In that case a sheriff who was elected for a full term died before its expiration and who had collected and was allowed within the year of his death the five thousand dollars upon which he was entitled to commissions of ten percent. His wife was duly appointed his successor to fill the vacancy caused by his death until a successor could be elected. She was contending for the right to compensation of ten percent on the first five thousand dollars she collected as her husband's successor for the same year in which he had been allowed the ten percent commission on the same annual fund. We held that the entire tax collected for that year was *one fund* and from which it will be perceived it has no bearing whatever upon the question here involved.

From all of the foregoing—and summarizing—we hold (1) that the sheriff under the current statute (134.210) may qualify as special tax collector after the expiration of his term of office which the statute makes a separate and distinct one; and (2) that if he does not so qualify then another may be appointed to the place and either of them is entitled to the same commission on all taxes collected as is now provided for compensation to a sheriff while acting as such.

Having so concluded it follows that the judgment appealed from was and is correct, and it is affirmed.