# Baker, County Judge, v. McIntosh.

(Decided March 25, 1938.)

NAPIER & NAPIER for appellant.

CRAFT & STANFILL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES— Affirming.

Appellee, Fillmore McIntosh, was sheriff of Perry county until the first Monday in January, 1938, when his term of office expired. Thereafter, as provided by section 4135 of the Kentucky Statutes, he elected to assume the office of delinquent tax collector, and executed a bond in the penal sum of $10,000, which was duly approved by the appellant, Billy Baker, as judge of the Perry county court, and appellee entered upon the performance of his duties. On January 24, 1938, the appellant caused a notice to be served on appellee to the effect that the bond which he had theretofore given, and which had been approved, was deemed insufficient, and that, unless an additional bond with good surety was furnished, appellant would, on the 1st of February, 1938, declare the office of delinquent tax collector to be vacant and appoint a successor to appellee. Appellee thereupon secured and tendered a bond in the penal sum of $25,000 signed by fourteen sureties, who, appellee alleges, are in the aggregate worth a great deal

more than the penal sum of the bond. Appellant refused to approve this bond, and appellee thereupon filed this petition in equity in the Perry circuit court seeking to prohibit, or, more properly, to enjoin, the county judge from removing him from office.

All of the facts are set out in the petition, and it is alleged that the appellant not only approved the original bond of appellee, but that he has arbitrarily refused to accept the additional bond tendered pursuant to the notice. Appellant filed a special demurrer to the petition on the ground that the court was without jurisdiction to try the question. This special demurrer was overruled, and appellant thereupon filed a general demurrer and seems to have agreed that the case be submitted for final judgment in this condition. No answer was tendered, and no question is here made of the court's failing to allow appellant time to plead further after overruling his general demurrer. We must assume, therefore, that the allegations of the petition are true and that appellant has no real objection to the sufficiency of the bond already approved by him or to the sufficiency of the additional bond offered by appellee.

At the outset it is urged by appellee that there is no provision in the Statutes authorizing the county court to require an additional bond of the collector of delinquent taxes. It is pointed out that sections 4130, 4131, 4132, and 4133 of the Statutes each refer to "the sheriff or collector," while section 4134 apparently gives the county court the right to require an additional bond from the sheriff, but says nothing about the collector. It will be observed, however, that, while the position of delinquent tax collector has been held to be a new office (Madison County v. Hamilton, 243 Ky. 29, 47 S. W. (2d) 938), the outgoing sheriff has the first call on filling the office and must execute a new revenue bond for this purpose. It seems to us that the two offices are so far related as to authorize the conclusion that the Legislature intended the provisions of section 4134 to apply to the office of delinquent tax collector as well as the office of sheriff. The sections referred to above, which specifically refer to "the sheriff or collector," manifestly deal with collectors in addition to those taking office pursuant to section 4135. We conclude that in a proper case the county court may require an additional bond of the delinquent tax collector in the same manner that it may require one of the sheriff.

We are left, therefore, simply with the question of whether or not the county judge may arbitrarily and without cause remove appellee from the office in which he has been duly qualified, and to the prerogatives of which he has a legal claim. It is immaterial that appellee has misnamed the writ which he seeks. Certainly, he has brought his suit in equity, and he is entitled to the protection of equity from unlawful interference with the exercise of his duties when such interference is against the public interest. Poyntz v. Shackelford, 107 Ky. 546, 54 S. W. 855, 21 Ky. Law Rep. 1323.

The chancellor was of the opinion that appellant had no authority whatever to require an additional bond from the delinquent tax collector, and therefore enjoined him from undertaking to remove appellee under any circumstances. It is clear that, having approved the original bond, appellant is without power arbitrarily to remove appellee from office. Conceivably, however, cause may arise showing the insufficiency of the bond given, and, in such event, the county judge should not be prohibited from proceeding under section 4134. The injunction granted must, therefore, be modified to this extent. As so modified, the judgment is affirmed.