## Beauchamp, Judge, v. Matthews, Sheriff.

Nov. 28, 1939.

Lawrence Grauman for appellant.

Dodd & Dodd for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee, J. Hunter Matthews, Sheriff of Jefferson County, brought this action under the Declaratory Judgment Act, Section 639a—1 et seq., Civil Code of Practice, against Mark Beauchamp, Judge of the Jefferson County Court, asking that Section 4130 of the Kentucky Statutes, as amended by Section 13 of Chapter 21 of the Acts of the First Extraordinary Session of 1938 of the General Assembly, be construed, and that the rights of the parties be declared. The pertinent part of Section 4130 of the Kentucky Statutes, as amended in 1938, reads:

> "The sheriff or collector shall, before assuming the duties of the office, and annually from that date thereafter, enter into bonds with surety for the faithful performance of his duties as revenue collector. * * *

> "The county judge shall judge of the sufficiency of the surety, and in no case shall sureties be taken who are not jointly worth, subject to execution after the payment of all their debts and liabilities, a sum equal to the aggregate amount of money which may probably be received by the sheriff or collector dur-

ing the year succeeding the execution of the bond; provided that where a corporate surety bond is offered it shall be of an amount equal to the largest amount of taxes which the sheriff or collector will probably have in his possession at any one time, and the county judge, with the approval of the Department of Revenue, shall determine such amount and judge of the sufficiency of the surety."·

Prior to the 1938 amendment, Section 4130 provided that the sheriff or collector should, on or before the first day of June next succeeding his election, and on or before the said day annually thereafter, enter into bonds with surety for the faithful performance of his duties as a revenue collector, and that the county judge should judge of the sufficiency of the surety, and in no case should sureties be taken who were not jointly worth, subject to execution after the payment of all their debts and liabilities, a sum equal to the·aggregate amount of money which might probably be received by the sheriff or collector during the year succeeding the execution of the bond. Before the 1938 amendment became effective and prior to June 1, 1938, the appellee, as collector of state revenue, executed bond with good surety which was approved by appellant as county judge. Prior to June 1, 1939, appellee, as collector of state revenue, tendered to appellant a bond with a corporate surety in the amount of $100,000. The county judge declined to approve the tendered bond, and fixed the amount of the bond at $1,500,000 if it was to be a corporate surety bond. The county judge based his action on the ground that it was legally possible for the sheriff to have in his possession at one time more than $100,000 and as much as $1,500,000. Pending the dispute between the sheriff and the county judge, the sheriff agreed with the State Commissioner of Revenue to remit state taxes collected during the fiscal year 1939-1940 so as not to have in his possession at one time more than $100,000. This agreement was in writing, and was signed by appellee, the Commissioner of Revenue, and the Auditor of Public Accounts. It reads as follows.

"It is mutually agreed and ordered that the Sheriff of Jefferson County will·remit state property taxes collected during the fiscal year 1939-1940 with sufficient frequency that the said sheriff will not retain in his hands any amount in excess of one hundred thousand ($100,000) dollars.

"This 29th day of May, 1939."

This agreement was presented to the county judge, and a bond in the amount of $100,000 with a corporate surety was again tendered, but the county judge declined to approve it and insisted that a bond in the amount of $1,500,000 should be executed. Thereupon, the sheriff instituted this action, setting forth the foregoing facts and asking for a declaration of rights. The county judge filed an answer in which he alleged that under Sections 4143 and 4147 of the Kentucky Statutes, the sheriff, as collector of state revenue, was under no legal or binding obligation to remit to the Auditor of Public Accounts the amount of state revenue collected by him except after the expiration of the calendar month during which he made such collection, and that he was entitled to retain in his hands, as collector of state revenue, all taxes collected by him during the particular month until the tenth day of the succeeding month, and that during some month of the fiscal year 1939-1940 he would have in his possession at one time, at least, $1,500,000.

The pleadings posed two questions for decision: (1) Did the bond for state revenue in the amount of $100,000 as tendered by the plaintiff, comply with Section 4130 of the Kentucky Statutes; (2) At what time should the sheriff make and tender his state revenue bond? The circuit court adjudged (1) that it was the duty of the county judge to approve the bond tendered by the plaintiff in the amount of $100,000, and (2) that Section 4130 of the Statutes, as amended and reenacted in 1938, did not require the plaintiff to tender a bond as collector of revenue for the Commonwealth of Kentucky in January of each year, but that it only required him to tender such bond before he assumed the duties of collector of revenue for the Commonwealth. The defendant alleged in his answer and it is conceded that the assessment for Jefferson County for the fiscal year, 1939-1940, is in excess of the assessment for the previous fiscal year, and that the amount of state revenue which will be collected by the sheriff for the fiscal year 1939-1940 will be in excess of the amount of state revenue collected by him during the previous fiscal year. He further alleged that during the month of October, 1939, the sheriff, as collector of state revenue, collected and had in his possession at one time state taxes and revenue amounting to $1,489,621.86, and that therefore he was

warranted in concluding that at some time during the fiscal year 1939-1940 the sheriff, as collector of state revenue, would probably have in his possession at one time, at least, $1,500,000. The circuit judge, in a written opinion, stated that the fact that in one month of the preceding year a certain amount of taxes were paid would not be a safe or fair criterion upon which to base the probable amount to be collected during any given month for any succeeding year. He stated further that the agreement between plaintiff and the Department of Revenue was proper and should be considered in conjunction with the terms and provisions of Section 4130 of the Statutes, and that by reason of such agreement the largest amount of taxes which the sheriff would probably have in his possession at any one time would be $100,000.

In construing Section 4130 of the Statutes, the intention of the Legislature must be kept in mind. When the 1938 amendment was enacted Section 4143 provided that the sheriff or collector of revenue should, on or before the tenth day of each month, report, under oath, to the Auditor of Public Accounts the amount of all taxes he had collected for the preceding month, and should, on or before the making of such report, pay into the state treasury all taxes which he had collected for the state for said preceding month. The Legislature, in enacting Section 13 of Chapter 21 of the First Extraordinary Session of 1938, undoubtedly had in mind the fact that the collector of state revenue was not required to pay into the state treasury the taxes collected by him oftener than once each month, and that he might at one time have in his possession an entire month's collections and it intended that the bond should be for a sufficient amount to cover the largest monthly collection. It did not contemplate that the amount of taxes which the sheriff might have in his possession at any one time would be affected by an agreement between the sheriff and the Department of Revenue. If an agreement can be made that the sheriff shall remit the taxes collected by him so that he will not have in his possession at any one time more than $100,000, an agreement reducing the amount to $10,000, or any other amount could be made and a bond for only a nominal amount would be required. The purpose of the bond is to protect the Commonwealth against loss and to provide for every contingency. The Legislature left the amount of the bond

to the discretion of the county judge, such discretion to be exercised in conformity with the provisions of Section 4143 of the Statutes. If it had intended that these provisions might be modified by an agreement between the sheriff and the Department of Revenue, it would have so provided.

Prior to the amendment of Section 4130 in 1938, the action of the county judge in fixing the amount of the bond was final. The 1938 amendment provides that when a corporate surety bond is offered, "the county judge, with the approval of the Department of Revenue, shall determine such amount and judge of the sufficiency of the surety." The purpose of providing for the approval of the Department of Revenue was to prevent the county judge from fixing the amount of the bond at an amount less than the largest amount of taxes which the sheriff would probably have in his possession at any one time and from accepting insufficient surety. The amount of the bond and the sufficiency of the surety is still left to the discretion of the county judge, and the Department of Revenue can withhold its approval only when such discretion has been abused. We find no evidence of an abuse of discretion in the present case on the part of the county judge. It is conceded that the sheriff collected approximately $1,500,000 in taxes during the month of October, 1938. We know of no better criterion for determining the amount of taxes that may be collected by him in October of the succeeding year when the assessment is slightly larger than the assessment for 1938 and the rate of taxation is the same. It is a matter of common knowledge that a large portion of state taxes is paid during the month of October of each year on account of the two per cent. discount allowed by Section 4148 of the Kentucky Statutes on taxes paid on or before November 1st. It is not claimed the collection of taxes in October, 1938, was abnormal.

The trial court also erred in adjudging that the sheriff was not required to submit his bond until the first day of June of each year. Section 4130, prior to its repeal and reenactment in 1938, provided that the sheriff or collector should, on or before the first day of June next succeeding his election, and on or before the said day annually thereafter, submit his bond as revenue collector. Section 4130 was repealed in 1938, and as reenacted reads in part:

"The sheriff or collector shall, before assuming the

duties of the office, and annually from that date thereafter, enter into bonds with surety for the faithful performance of his duties as revenue collector.''

Unless the payment of taxes is, by law, especially directed to be made to some other officer, the sheriff, by virtue of his office, is the collector of such taxes. Section 4129, Kentucky Statutes. The term ''sheriff or collector'' is used in Section 4130 of the Statutes to meet the situation where some officer other than the sheriff has been directed to collect state taxes as well as the customary one where the sheriff is the collector. The 1938 Act means just what it says; that is, that the sheriff shall execute his revenue bond before assuming the duties of his office. A sheriff enters upon the discharge of the duties of his office on the first Monday in January after his election. Kentucky Constitution, Section 99. The collection of taxes is one of the duties of the office, and it clearly was the intention of the Legislature, in repealing and reenacting Section 4130 in 1938, to require a revenue bond over the entire term of office, and to that end that a bond be made by the sheriff on or before the first Monday in January after his election and annually thereafter. Under the circumstances, the failure of appellee to tender a bond on or before the first Monday in January, 1939, and for the amount fixed by the county judge, should not be treated as a ground for forfeiting his office under Section 4131 of the Kentucky Statutes.

The judgment is reversed, with directions to enter a judgment in conformity herewith.

The Whole Court sitting.