## Cornett, Judge, v. Duff, Sheriff.

March 15, 1940.

S. M. Ward, Judge.

Will C. Hoskins for appellant.
C. A. Noble for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

This action was instituted by the appellee in the Leslie Circuit Court on January 1, 1940, to compel the appellant by mandamus to accept and approve two bonds dated December 29, 1939, one executed by appellee in his official capacity as Sheriff of Leslie County and the other in his capacity as Collector of Revenue. The defense interposed, both by pleading and proof, was that the sureties on the bonds, the same in both instances, were not jointly worth a sum equal to the aggregate amount of money which would probably be received by the sheriff and collector during the succeeding year. On the filing of the petition an order was entered by the Circuit Judge, directing that until a disposition had been made of the motion for a mandamus, the revenue bond "be treated as valid and as having been accepted and approved by the defendant"; and thereafter it was stipulated between the parties that the questions to be determined upon the hearing of the motion were the financial worth of the sureties on the respective bonds, and whether or not the appellant acted arbitrarily in refusing to approve and accept them. On January 13th, the Court heard oral testimony, and on January 31st, entered a judgment directing the appellant as county judge to approve the revenue bond, and from that judgment this appeal is prosecuted. No order appears to have been made with respect to the bond executed by appellee in his capacity as sheriff, and the respective parties in their briefs treat the action as one relating solely to the revenue bond.

It should be noted that the revenue bond tendered contained no penal sum as required by Section 186d-1, Kentucky Statutes, and this was explained by appellee as follows:

"Well that amount has not been definitely set, heretofore until the last four or five years I think the sheriff has filled a twenty-five thousand dollar ($25,000.00) revenue bond and I believe last year that was the amount but a short time ago, I guess about the 15th day of December, I think it was I had a letter from the Department of Revenue and the amount was set out, it was made very plain.

And it stated in that if the Sheriff filled a corporate bond it should be for the amount equal to what he would have in his hands any year, which would be from twenty to twenty-five thousand each month and it stated that if he filled a personal surety bond that it should be equal to the amount that he would receive during this year or any other year."

Appellant's understanding of the requirements as expressed in the above testimony is correct, since it is expressly provided by Section 4130, Kentucky Statutes, as amended by the Act of 1938, 1st Ex. Sess. c. 21, Section 13:

"The county judge shall judge of the sufficiency of the surety, and in no case shall sureties be taken who are not jointly worth, subject to execution after the payment of all their debts and liabilities, a sum equal to the aggregate amount of money which may probably be received by the sheriff or collector during the year succeeding the execution of the bond; provided that where a corporate surety bond is offered it shall be for an amount equal to the largest amount of taxes which the sheriff or collector will probably have in his possession at any one time, and the county judge, with the approval of the Department of Revenue, shall determine such amount and judge of the sufficiency of the surety."

However, since the requirement that a penal sum be named in the bond is directory and not mandatory (Miller et al. v. Rockcastle County, 248 Ky. 290, 58 S. W. (2d) 598), we do not regard the omission of a penal sum from the bond tendered as a material factor in the decision of this case. If the joint net worth of the sureties who signed the bond had been sufficient to meet the requirements of the Statute above referred to, it would have been the duty of the appellant to insert a proper penal sum, with the consent of the sureties, and then approve it. Upon the record presented, the sole question for our determination is whether in refusing to accept the sureties offered and approve the bond, the appellant acted so unreasonably that his actions must be regarded as arbitrary, and hence, amenable to the process of the Court. Otherwise his decision is final and not subject to review.

According to the evidence introduced by appellee, consisting almost entirely of the testimony of the sureties themselves, their joint net worth equalled $35,500, but the testimony of appellant presented a very different picture. He was personally acquainted with the sureties and had examined the tax records, and was of the opinion that their total net worth was from $6,000 to $8,000. While allowances must be made for the discrepancies which usually exist between the actual and assessed values of real estate, we cannot say, after a careful study of the record, that the aggregate net worth of the sureties was in excess of $25,000. Most certainly we cannot hold that the appellant acted arbitrarily in declining to accept them as the sole sureties on the revenue bond of the appellee into whose hands would be placed for collection tax bills aggregating the approximate face value of $70,000.

Appellant's counsel suggest that we should take into consideration the net value of the properties owned by appellee individually, $8,000, and the fact that the statute imposes a lien on his property to secure the payment of all taxes which he may collect. Our attention is called to the fact that appellee may be required to execute additional bond whenever the interest of the state or county demands it. Section 4134, Kentucky Statutes. But these considerations cannot affect the language of Section 4130 requiring that the joint net worth of the sureties accepted must equal the aggregate amount of money which may probably be received by the sheriff during the year succeeding the execution of the bond. Disregarding entirely the testimony of appellant, and accepting without question the testimony of the sureties as to their joint worth, it is manifest in view of the face value of the tax bills and the provisions of the Statute that the appellant's action in declining to accept the sureties offered was proper.

Counsel for appellee expresses the belief that under the provisions of Section 4130 as amended in 1938, Acts 1938, 1st Ex. Sess., c. 21, Section 13, the sheriff is not required to execute the bond referred to prior to June 1st, the date mentioned in the Statute prior to the amendment, and requests us to decide this question. This we have done in the case of Beauchamp, Judge, v. Matthews, Sheriff, 281 Ky. 351, 135 S. W. (2d) 863,

holding that the 1938 amendment requires the bond to be executed by the sheriff on or before the first Monday in January following his election and annually thereafter.

Judgment reversed for proceedings consistent with this opinion.