## Cornett v. Duff, Sheriff.

June 14, 1940.

S. M. Ward, Judge.

Will C. Hoskins and M. C. Begley for appellant.

C. A. Noble for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

The same parties, occupying like positions, were here on appeal involving in part the same issue. See 282 Ky. 332, 138 S. W. (2d) 478. A reference thereto

will show that about December 28, 1939, appellee tendered to the county judge his official and revenue renewal bonds for the year 1940. The appellant refused to approve or accept the revenue bonds, one for the county and the other for state revenue, solely on the ground that the personal sureties signing each of the bonds, were not jointly worth what he conceived to be the sum required by the statutes.

On January 1, 1940, appellee sought to have the circuit court require appellant by mandatory order, to approve and accept the tendered bonds, taking the position that they met the statutory requirements as to financial worth of the sureties. The lower court granted the relief, directing appellant to approve and accept the bonds. Upon appeal we reversed the lower court's decree and remanded the case for proceedings consistent with our opinion. We found that the evidence did not support the appellant's claim that the net worth of the sureties was $35,000. We did say "we cannot say, after a careful study of the record, that the aggregate net worth of the sureties was in excess of $25,000."

That opinion was delivered on March 12, 1940, and in due course mandate was filed in the circuit court April 26, 1940, at which time the court set aside the former judgment, and for reasons which are not made clear, but may be apparent from proceedings following, continued "this cause for proceedings consistent with this opinion." On April 29, appellee filed in the same action his amended petition, in which he says that since the decision of this court on former appeal, he tendered to the county court his additional revenue bonds, one in the sum of $20,000 (county revenue), the other for $1,000 (state revenue), both of which were executed by a casualty company authorized to engage in suretyship business in this state. He alleged that the bonds were executed in such amounts as are required by law, and sufficient to cover the revenue coming into his hands at any one time.

Then, strange to say, it was alleged that the appellant "indicated" that he would accept the tendered bonds "up until April 27, 1940," the day upon which, or the day after, they were tendered, and on the same day served notice on the sheriff that on the 29th of April he would enter an order declaring the office of sheriff vacant, upon the ground that he had failed to execute

his renewal bonds on the preceding January 1, as required by the statute. On these allegations the sheriff asked that appellant be required to approve and accept the tendered renewal bonds, and enjoined from declaring the office vacant. There was no answer, appellant demurring to the petition, thus admitting the truth of its averments.

The cause was submitted on the demurrer, which the court overruled, and upon appellant's declination to plead further, the chancellor directed the county judge to approve and accept the tendered bonds, and enjoined him from carrying out his purpose of declaring the office of sheriff vacant.

Going back to the original record, we find that when the lower court granted a temporary restraining order (Jan. 1) the order contained this language:

"It is ordered that for the present, and until the making of and disposition of the motion (for injunction) that the bond be treated as valid and as having been accepted and approved by defendant, and the county judge be enjoined and restrained from interfering with plaintiff, by the entry or making of any order, or otherwise, as sheriff, until the hearing and disposition of this motion."

While there was objection to the latter part of this order, there was no effort on the part of the appellant to have it set aside. It may be that he would have been justified in treating it as void, since there was no pleading by plaintiff which would give it sanction. We only state the fact to show absence of bad faith on the part of the parties, which may be further evidenced by a stipulation entered into between them to the effect that the sole question for the courts upon hearing was the financial worth of the sureties, and whether or not the appellant was acting in accordance with law in rejecting the proffered sureties.

In the instant case appellant's argument is that Section 4131, Kentucky Statutes, as construed by the court in Renshaw v. Cook, 129 Ky. 347, 111 S. W. 377, makes it mandatory upon the county judge at this time to remove the sheriff, and appoint, we presume, a new sheriff in his stead. It is noticeable in both appeals that there is no question raised as to the sufficiency of the official bond tendered by the sheriff, nor as to the

original official or revenue bonds executed when he assumed his duties in January of 1938. In the absence of any showing to the contrary this court has the right to assume that the county court expressed no dissatisfaction as to the sheriff's renewal of his official bond, which is required under the terms of Section 4557, Kentucky Statutes. It may be, for all we know, the court did not undertake to require the sheriff to renew his official bond for 1940, as he had the right then, or at any other time to do, if he "deemed it proper." Unless the county court requires its renewal, the failure works no forfeiture in the office of sheriff. Leslie County v. Eversole, 222 Ky. 793, 2 S. W. (2d) 644.

It is true that we held in the Renshaw case, supra, that it was not necessary for the court, which was to approve the sheriff's bond, to give notice of his intention to enter an order vacating the office, upon the sheriff's failure to file the required bonds. In that case, it appeared that one Smith was elected sheriff of Christian County in 1905. He thereafter qualified in the proper manner, including the execution of required bonds, which he renewed in 1907. On March 1, 1908, he failed for some undisclosed reason to execute any one of the three bonds required to be executed and tendered. On March 11, 1908, the county judge by appropriate order declared the sheriff's office vacant, and appointed Renshaw to fill the vacancy. This situation precipitated litigation between Smith and Renshaw for possession of the office. We upheld Renshaw's cause, and said that the statute peremptorily required the execution of the required bonds on or before the date fixed by the statute, which was then March 1. Although holding that it was the peremptory duty of the sheriff to execute and tender the required bonds, we did not hold, as suggested by counsel that it was the mandatory duty of the court to remove the recalcitrant officer, or that the office was ipso facto vacated by the failure.

We said referring to the case of Schuff v. Pflanz, 99 Ky. 97, 35 S. W. 132, 135, after quoting parts of the statute:

"The duty then devolves on the sheriff, and he must comply with the law; but it does not follow, because the sheriff fails to renew his general bond, or give an annual bond for the collection of the revenue,

that the county judge is powerless to accept a bond after the first Monday in January.''

In the Pflanz case the court held that the county court had two alternatives: Suspend the sheriff until he executed the required bonds, or vacate the office. In that case, while there was no order of suspension, we found there to have been a practical suspension, though the court might have vacated the office for failure to comply with the statute. In the Pflanz case, though the officer had failed to comply, nevertheless the court at a later date accepted the tendered bonds, and we held there was no forfeiture, since the court had accepted the bonds.

We differentiated the Pflanz case from the Renshaw case, pointing out that in the latter the county judge did not accept the bond from Smith, or permit him to execute one, and it may be noted that in the case of Smith v. Renshaw, Ky., 127 S. W. 753, it was admitted that none of the required bonds was executed by Smith, though it appeared that the county court orders were kept open from day to day until March 11, ostensibly for the purpose of allowing the tender of the bonds.

It is not difficult for us to distinguish the Renshaw case from the instant case, where, as is clearly shown, the sheriff in due time tendered bonds which in his belief were sufficient as to worth, to meet the requirements of the statute; in so far as appears now, or in the other case, there is lack of showing that the sheriff was acting in bad faith for the purpose of delay.

In the early case of Bartly v. Fraine, 4 Bush 375, this court upheld the removal of a sheriff for a failure to execute additional bond ''in consequence of official default.'' None of the facts are given, since the question presented was that of the power of the county court to remove a sheriff, even on default, it being contended that under the constitution the sheriff could only be subjected to impeachment proceedings. This case is not of benefit.

In another early case, Com. v. Yarbrough, 84 Ky., 496, 2 S. W. 68, this court held that in no state of case could the sheriff postpone the execution of his revenue bond longer than the first Monday in January, whether the bond is for the first or second year of his term. It was just as emphatically held that the bond tendered

thereafter was a void obligation. There the bond was due on the first Monday in January, 1882. It was accepted and approved by the court on Tuesday the 3d of January, just one day late, but this court, under the then existing law, nevertheless held it was void. However, we referred to the Yarbrough case in Schupp v. Pflanz, supra, and pointed out:

> "That, in revising the present revenue law, the county judge is empowered to exact additional bonds whenever the interest of the state requires it; and still we are asked to enforce this forfeiture * * *."

Counsel for appellee places reliance for his position on what this court said in anticipation of a possible situation which might later arise under conditions existing in the recent case of Beauchamp v. Matthews, 281 Ky. 351, 135 S. W. (2d) 863. In that case it appeared that Matthews, the sheriff, had prior to June 1, 1938, executed his revenue bonds which had been approved and accepted.

Prior to July 1, 1939, and apparently about May 29, Matthews tendered a corporate state revenue bond in the sum of $100,000. The judge refused to accept or approve it on two grounds: (1) That the penal sum named was not sufficient to meet the requirements of the statute, and (2) because not tendered on January 1, 1939, as required by Section 4130, Kentucky Statutes, as amended by Acts 1938, 1st Ex. Sess., c. 21, Section 13. There was no question of the sufficiency of the surety from a financial standpoint. The lower court held that the bond was sufficient as to amount, and likewise that it was not incumbent on the collector to renew his bond prior to June 1. We found the lower court in error in respect of both contentions; that the judge in his discretion, as authorized by law, could require a greater amount in suretyship than had been fixed in the bond, and that since the 1938 amendment of Section 4130, Kentucky Statutes, the bond should have been renewed on or before January 1, 1939; we held the section referred to "means just what it says." However, in order to forestall a possibility, we wrote:

> "Under the circumstances, the failure of appellee to tender a bond on or before the first Monday in January 1939, and for the amount fixed by the coun-

ty judge should not be treated as a ground for forfeiting his office under Section 4131, K. S.''

Counsel for appellant undertakes to distinguish the Beauchamp case from the case in hand, by saying that in the former ''will be found an entirely different state of facts from the case at bar, the only question there was the amount of liability and no question that the bond was not good. In the instant case Duff did not offer a good bond.'' We admit the difference in facts, but fail to see where there is any great distinction, where as here the sole question before us is whether the court acted arbitrarily in rejecting what he considered insufficient surety which the appellant, apparently in good faith, believed to be sufficient, a question that had to be finally determined by the court.

In the absence of a showing of bad faith, or an attempt to thwart what we agree is the peremptory provision of the law, we can see no reason why, under all the facts of this case, or the two cases, that we should go to any great extent or make an effort to work out a hair line distinction between this and the Beauchamp case. The excerpt from the Beauchamp case was no doubt inserted because of the apparent good faith of the parties in endeavoring to ascertain what was the correct interpretation of the applicable laws. Here the dispute was over the sufficiency of the surety, a matter upon which reasonable men might disagree.

As being both applicable and impressive, we refer to the recent case of Baker v. McIntosh, 272 Ky. 763, 115 S. W. (2d) 384, 386. Therein it appears that McIntosh was sheriff of Perry County prior to January 1, 1938, at which time his term expired by operation of law. Under Section 4135, Kentucky Statutes, he elected to assume the office of delinquent tax collector, and tendered a bond in the penal sum of $10,000, executed on January 1, 1938, and approved by the court. Twenty-four days thereafter the county judge served notice on the collector that he deemed his bond insufficient, and that unless he filed additional bond, with good surety, he would declare the office vacant and appoint a successor. The collector thereupon tendered a $25,000 bond, signed by fourteen sureties, alleged to be worth in the aggregate more than the penal sum named in the bond.

Upon the court's refusal to approve and accept the

bond, the sheriff sought to enjoin the judge from carrying his threat into execution. The facts were set out showing that appellee had executed his original bond (as collector) and that same had been approved, but the court was arbitrarily refusing to approve the "additional bond." The case went out on the court's consideration of a general demurrer to the petition. One of the questions argued, in addition to the question of power, was the right of the county court to require additional bond of a revenue collector. We settled that question affirmatively by a mere reference to several sections of the applicable statutes, as will be noted, and then wrote:

> "We are left, therefore, simply with the question of whether or not the county judge may arbitrarily and without cause remove appellee from the office in which he has been duly qualified, and to the prerogatives of which he has a legal claim. &ast; &ast; &ast; Certainly, he has brought his suit in equity, and he is entitled to the protection of equity from unlawful interference with the exercise of his duties when such interference is against the public interest. Poyntz v. Shackelford, 107 Ky. 546, 54 S. W. 855, 21 Ky. Law Rep. 1323.

> "The chancellor was of the opinion that appellant had no authority whatever to require an additional bond from the delinquent tax collector, and therefore enjoined him from undertaking to remove appellee under any circumstances. It is clear that, having approved the original bond, appellant is without power arbitrarily to remove appellee from office. Conceivably, however, cause may arise showing the insufficiency of the bond given, and, in such event, the county judge should not be prohibited from proceeding under Section 4134."

The section referred to is one which gives the county court the right, whenever he may deem it proper, to require the sheriff to execute additional bonds.

Here it is true the court was dealing with a collector of revenue, but there is no difference in the application when the sufficiency of the tendered bond is the sole question. In the first case it appeared that the bond tendered was deemed insufficient as to sureties. It is very doubtful if the court could have entered an order

474

declaring the sheriff's office vacant. The bond, as we found in the first opinion, was of some value. There was an honest dispute as to the worth of the sureties. The surety company bonds tendered, as shown by the admitted pleading, were in addition to the insufficient bond. As far as we have been enabled to judge, the two sets of bonds were sufficient as to suretyship. It is admitted by demurrer that the newly tendered bonds are sufficient in amount and financial worth of surety proffered. If not, then there is ample remedy afforded by Section 4134, Kentucky Statutes, for the county court to make and have carried into effect, demand for increased bonds, as will in his judgment protect the interests of the state and county.

So, it seems to us, in view of the pleadings that the appellant was at least threatening to do an arbitrary act in his proposal to remove the sheriff, because the bond had not been executed prior to January 1, 1939. As was said in the Beauchamp case, and which is applicable here, the circumstances of the case should not be allowed to work a forfeiture of the sheriff's office. Particularly is this true here, since we pointed out in the Baker case, the court may at any time (though he should not do so capriciously) require additional bond or bonds if the public interest requires such action.

Judgment affirmed, the Whole Court sitting except Judge Rees, who was absent.