## Nichols, County Judge, et al. v. Land, Sheriff Elect.

Dec. 19, 1941.

694

R. W. Keenon, I. J. Miller and R. P. Moloney for appellant.

Sam H. Cole for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming in part and reversing in part.

The appellee, J. Porter Land, is sheriff elect of Fayette County. In that county the compensation of the sheriff is regulated by Kentucky Statutes, Section 1779a-1. Since the appellee, pursuant to that section, would receive the maximum compensation of $5,000 permitted an officer, he would receive no additional compensation if he was appointed and qualified as special tax collector. However, in order to save the county additional expense if some other person qualified as special tax collector, he is willing to undertake the duties of the office but, being desirous of knowing whether his anticipated qualification as special tax collector was incompatible with the office of sheriff which he is to assume on the first Monday in January, he filed this action against the county judge, the fiscal court and the retiring sheriff, Ernest Thompson, who is jailer elect of Fayette County for a declaration of rights as to this and other questions.

Appellant Thompson, who would receive no addi-

tional compensation if he qualified as special tax collector, avers his willingness to act as such except for the fact that he had been advised by the Attorney General that the office of jailer is incompatible with the office of special tax collector.

The chancellor by his judgment made a declaration of rights on the various questions presented by the pleadings as follows:

1. The offices of special tax collector and jailer are incompatible;

2. The offices of sheriff and special tax collector are not incompatible;

3. If the sheriff elect qualifies as special tax collector only one bond is required;

4. That assistants may be appointed by the sheriff elect in his capacity as special tax collector to assist him in the collection of taxes, these assistants being entitled to compensation but to be designated as assistants and not deputies;

5. The special tax collector shall submit to the fiscal court in advance the number of assistants necessary and their compensation, for approval of the court;

6. That the assistants employed by the special tax collector cannot distrain for delinquent taxes;

7. If the sheriff elect refuses to qualify as special tax collector then his revenue bond shall be executed on or before the date of his qualification as sheriff.

This appeal is prosecuted to determine the correctness of the chancellor's declaration of rights. The parties are not in serious disagreement but appellee insists that he should be given the right, if he qualifies as special tax collector, not only to appoint his assistants but to fix their compensation without approval by the fiscal court and he also insists that his assistants, by whatever name they are designated, should have the right to distrain for delinquent taxes.

1. We find nothing in the Constitution making the offices of jailer and special tax collector incompatible. Neither Sections 165 nor 237 dealing with incompatible offices has this effect. Turning to Section 3746 of the Statutes, however, we find that the offices of sheriff and

jailer are made incompatible. Since the duties of special tax collector are all duties which are regularly performed by sheriffs and constitute a material portion of those duties, we are of the opinion that within the spirit of that section of the Statutes the offices of special tax collector and jailer are incompatible.

2. We find nothing in the sections of the Constitution dealing with incompatible offices or in Section 3746, dealing with the same question, rendering the offices of sheriff and special tax collector incompatible. On the contrary, Section 4135 of the Statutes provides that if the outgoing sheriff fails to act as special tax collector the county judge may appoint the incoming sheriff to act as such. This being the last legislative declaration on the subject is it clear that there is no incompatibility between the two offices.

3. It is obviously necessary that a special tax collector in Fayette County must have assistance in the performance of his duties. This fact was given implied recognition in Petty v. Talbott, 256 Ky. 688, 76 S. W. (2d) 940, where this court gave implied approval to the payment of deputies appointed by a special tax collector in Jefferson County. Section 4135, dealing with the compensation of special tax collectors, provides in part as follows:

> "His compensation and such other necessary expenses incident to the collection of unpaid tax bills shall be the same as now or which may hereafter be provided by law for the sheriff of the county."

A sheriff appoints deputies some of whom devote their time largely to tax collections and the payment of such deputies is, of course, one of the necessary expenses incident to the collection of taxes contemplated by Section 4135. That section also provides that the special tax collector's personal compensation shall not exceed $2,083.35. This provision also by implication recognizes that those assisting the special tax collector in such collections are entitled to compensation. Also, since many of those who assist a sheriff in the collection of taxes are known as deputy sheriffs, we see no reason why the assistants employed by the special tax collector should not be styled deputies rather than assistants. The duties of the special tax collector are identical as far as they go with certain duties of the sheriff and since the sheriff's

assistants are deputy sheriffs we think, by analogy, the assistants of the special tax collectors may be styled "deputy special tax collectors."

4. Section 1 of Chapter 163 of the 1940 Acts, Kentucky Statutes, Section 4130, provides in part as follows:

"The sheriff or collector shall on or before assuming the duties of the office for the first time, enter into bond with surety for the faithful performance of his duties as revenue collector and special tax collector if he acts as special tax collector, which bond shall cover liability to account, as provided by law, for all charges of taxes made against him and for all monies received by him as revenue collector from the date he assumes the duties of the office to and including the thirtieth of May of the next succeeding year."

We think it clear from the foregoing language that the chancellor correctly adjudged that if the sheriff elect qualifies as special tax collector only one bond is required. The bond should clearly show, of course, that it covers the special tax collector as well as the sheriff and the amount of the bond should be fixed according to the rules laid down in Beauchamp, Judge, v. Matthews, Sheriff, 281 Ky. 351, 135 S. W. (2d) 863.

5. Section 1779a-1 of the Statutes, dealing with sheriffs in counties such as Fayette, provides that the sheriff may appoint necessary deputies and clerical assistants, subject to the approval of the fiscal court and with the approval of that court fix the salaries of the deputies and assistants. Since the duties of special tax collectors are so closely analogous to those of sheriffs and since the purpose of the Act creating special tax collectors was obviously, in effect, a continuation of the sheriff in office, it is our conclusion that the chancellor correctly determined that the appointment and compensation of deputy special tax collectors and assistants is in effect regulated by Section 1779a-1 and that the special tax collector should submit to the fiscal court in advance his deputies and their compensation for approval of that court.

6. Since we have held in considering the third subdivision of the judgment that assistants employed by the special tax collector may be designated as deputy special tax collectors, such deputies may distrain for delinquent

taxes in the same manner as the special tax collector himself. Deputy sheriffs may so distrain, consequently deputy tax collectors may do so.

7. Prior to 1940 the incoming sheriff was not required in the first year of his term to execute a revenue bond until June 1 but under the above-quoted language of Section 4130, as amended by the Act of 1940, the sheriff or collector is required to execute this bond on or before assuming the duties of his office for the first time. The chancellor was correct in so adjudging.

The Attorney General has filed an amicus curiæ brief in which he requests us to determine whether an outgoing sheriff who qualifies as special tax collector is entitled to ten percent on the first $5,000 collected by him or is limited to four percent. However, that question is not properly before us for decision. Even if the outgoing sheriff of Fayette County should qualify as special tax collector, he has no interest in this question since, in any event, he would receive the maximum personal compensation of $2,083.35 payable to a special tax collector. No person is a party to this litigation who has an interest in this question and any decision by us thereon would be pure dictum delivered at a time when no interested person was before court. It is only when an actual controversy exists that a declaration of rights is authorized. Civil Code, Section 639a-1. No such actual controversy concerning this question as to the compensation of special tax collectors is before us.

The judgment is affirmed in part and reversed in part with directions to enter a judgment in conformity with this opinion.